STATE EX REL. Stephanie
WINDEKNECHT,
Petitioner,

v.

Angela MESMER, Respondent.

State ex rel. Joshua Holman,
Petitioner,

v.

Jennifer Sachse, Respondent.

State ex rel. Summer Robinson,
Petitioner,

v.

Angela Mesmer, Respondent.

State ex rel. Scarlett R.
Adams, Petitioner,

v.

Angela Mesmer, Respondent.

No. SC 96159, No. SC 96160, No.
SC 96165, No. SC 96187

Supreme Court of Missouri,
en banc.

Opinion issued October 5, 2017

Rehearing Denied October 31, 2017

---

Scott Thompson of the public defender's office in St. Louis, (314) 340-7662, represented Windeknecht in SC96159 and Robinson in SC96165; W. Scott Rose of Rose Legal Services in St. Louis, (314) 462-0200, represented Holman in SC96160; and Danieal H. Miller of Miller Law LLC in Columbia, (573) 443-1645, represented Adams in SC96187.

D. John Sauer and Patrick J. Logan of the attorney general's office in Jefferson City, (573) 751-3321, represented the state in all four cases; they were joined by Michael J. Spillane of the attorney general's office in representing the state in SC96159 and 96165.

## ORIGINAL PROCEEDINGS IN HABEAS CORPUS

### PER CURIAM

Stephanie Windeknecht, Joshua Holman, Summer Robinson, and Scarlett R. Adams (collectively, "Petitioners") were each charged pursuant to section 570.030.3(1)[1] with a class C felony for stealing property worth $500 dollars or more but less than $25,000 dollars. Each pleaded guilty and was sentenced to either six or seven years' imprisonment based on the felony classification. Petitioners, who are each still incarcerated,[2] now seek habeas corpus relief, relying on this Court's decision in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016) (per curiam). Petitioners claim they were sentenced in excess of the maximum sentence authorized by law because the offense of stealing is a class A misdemeanor that could not have been enhanced to a felony pursuant to the statute then in effect. Habeas relief is denied.

### I.

At all times relevant to Petitioners' claims, section 570.030.1 provided: "A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or

1. Statutory citations are to RSMo Cum. Supp. 2013.

2. Windeknecht pleaded guilty in January 2014. She was sentenced to six years and her sentence was executed in March 2014. She is currently incarcerated in Audrain County. Holman pleaded guilty and was sentenced to two consecutive seven-year terms in July 2008, with the latter sentence for class C felony stealing. His sentences were executed in December 2010 and he is currently incarcerated in St. Louis County. Robinson pleaded guilty in August 2011. She was sentenced to seven years and her sentence was executed in May 2012. She is currently incarcerated in Audrain County. Adams pleaded guilty in September 2012. She was sentenced to seven years and her sentence was executed in November 2012. She is currently incarcerated in Audrain County.

her thereof, either without his or her consent or by means of deceit or coercion." Section 570.030.9 provided: "Any violation of this section for which no other penalty is specified in this section is a class A misdemeanor." However, section 570.030.3(1), pursuant to which Petitioners were charged and convicted, provided: "Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if . . . [t]he value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars[.]"

In 2012, the court of appeals addressed a direct appeal wherein the appellant argued the offense of stealing could not be enhanced to a class C felony pursuant to section 570.030.3 because "the value of the property or services" simply is not an element of the offense of stealing as defined by section 570.030.1—and thus the stealing conviction had to be classified as a class A misdemeanor. *State v. Passley*, 389 S.W.3d 180, 182-83 (Mo. App. 2012), *abrogated by Bazell*, 497 S.W.3d at 267 n.3. The court of appeals rejected this argument in *Passley*, holding it would lead "to the absurd and illogical result that the legislature chose to amend the stealing statute to provide an enhanced punishment for some other offense or offenses but not for the offense [of stealing] mentioned in that very statute." *Id.* at 184. Transfer of *Passley* to this Court was not sought. Four years later, this Court considered the same argument for the first time. *See Bazell*, 497 S.W.3d at 266-67. In *Bazell*, this Court came to the opposite conclusion of the court of appeals in *Passley*, explaining:

> Stealing is defined in section 570.030.1 as "appropriat[ing] property or services of another with the purpose to deprive

him or her thereof, either without his consent or by means of deceit or coercion." The value of the property or services appropriated is not an element of the offense of stealing.

> . . . .

> Here, there is no need to resort to tools of interpretation because the language of section 570.030.3 is clear. We cannot know why the legislature, in 2002, decided to amend section 570.030.3 to add the requirement that only offenses for which "the value of property or services is an element" may be enhanced to a felony, but this is what the legislature clearly and unambiguously did. As a result, section 570.030.3 does not apply here. Defendant's offenses must be classified as misdemeanors because they cannot be enhanced to felonies by the terms of section 570.030.3.

*Id.* (footnotes omitted). This Court also stated *Passley* "should no longer be followed." *Id.* at 267 n.3.[3]

Recently, this Court in *State v. Smith*, 522 S.W.3d 221 (Mo. banc 2017), reaffirmed its holding in *Bazell*. In rejecting the State's argument that this Court's holding in *Bazell* was limited to a felony enhancement made pursuant to section 570.030.3(3), this Court explained:

> This argument misconstrues the holding of *Bazell* and the structure of section 570.030. *Bazell*'s analysis regarding the applicability of section 570.030.3 to the offense of stealing does not depend on which particular enhancement provision is at issue. Instead, *Bazell* looked at the definition of the offense of stealing in section 570.030.1 and held that, because the definition does not contain as an element "the value of property or services," "section 570.030.3 does not apply here." *Bazell* draws no distinction

---

**3.** Section 570.030 has been amended and, effective January 1, 2017, no longer contains

the same language addressed in *Passley* and *Bazell*.

among the numerous subcategories enumerated within section 570.030.3.

Furthermore, the structure of the statute compels this conclusion because, unless the offense contains the value of property or services as an element, section 570.030.3, in its entirety, cannot be used to enhance the offense to a felony. To argue one of the subcategories for enhancement under section 570.030.3 can be used to supply the value element for an offense otherwise lacking that element is flawed and circular reasoning. Appropriation of property or services worth more than $500 may be charged as a felony under section 570.030.3(1) *only* if the underlying offense contains as an element "the value of property or services."

[Furthermore,] Judge Stith's [dissenting] opinion understates the importance of this operative language in the introductory clause of section 570.030.3. This language conditions the application of *all* the subdivisions enumerated below it—including section 570.030.3(1)—on the presence of a value element in the offense for which enhancement is sought. In other words, enhancement pursuant to one of those subdivisions is available "*if*" "the value of property or services" is an element. According to this plain and unambiguous statutory language, an offense must contain the "value" element *before* considering whether additional facts justifying enhancement under one of the subdivisions of subsection .3 is available. As this Court concluded in *Bazell*, because of this language, "section 570.030.3 does not apply here."

*Smith*, 522 S.W.3d at 230 (internal citations omitted).

Based on this Court's decision in *Bazell*, each of the Petitioners sought habeas relief in the appropriate lower courts. *See* Rules 84.22(a), 91.02(a). After being denied by the lower courts, Petitioners sought habeas relief in this Court. Petitioners argue their sentences are, according to *Bazell*, in excess of the maximum authorized by law because the sentences should have been based on a class A misdemeanor rather than a class C felony.[4]

## II.

 ■The Supreme Court of the United States has held a state supreme court is not constitutionally compelled to make retroactive a different interpretation of a state statute. *Wainwright v. Stone*, 414 U.S. 21, 23-24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973) (per curiam).[5] "A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward," *Id.* at 24, 94 S.Ct. 190 (internal quotation marks omitted); *see also State v. Nunley*, 341 S.W.3d 611, 623-24 (Mo. banc 2011). Exercising this authority, the Court orders the *Bazell* holding only applies forward, except those cases pending on direct appeal.

Petitioners received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in *Bazell*. Habeas relief is, therefore, denied.

All concur.

---

4. The sentence for a class A misdemeanor cannot exceed one year. Section 558.011.1(5).

5. Although *Wainwright* dealt with a state supreme court reversing its own prior interpretation of a state statute there is no basis to

assume this same principle of federalism would not apply to a state supreme court's authority to choose to prospectively apply a different interpretation than a prior subordinate appellate court.