MARY W. SHEFFIELD, P.J.
Corey Lee Abrams ("Movant") appeals the motion court's denial of his amended Rule 24.035 motion.[1] Movant had requested that the motion court amend his felony conviction and seven-year sentence for stealing a firearm to reflect a misdemeanor conviction and one-year sentence pursuant to State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016).[2] The motion court denied that request, finding that Movant was not entitled to the retroactive application of Bazell . Movant appeals that ruling in one point, claiming his conviction and seven-year sentence
exceeds the maximum sentence authorized by law, in that under the holding of *558 State v. Bazell , 496 [sic] S.W.3d 263 (Mo. banc 2016), [Movant's] sentence should not have been enhanced to a class C felony but should have instead remained a class A misdemeanor; therefore, under Section 558.011, the maximum possible punishment was one year imprisonment.
Our supreme court has repeatedly held that "the Bazell holding only applies forward, except those cases pending on direct appeal." State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017) ; see also State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 229 n.2 (Mo. banc 2017) ("the holdings in Bazell and [ State v. Smith , 522 S.W.3d 221, 229-31 (Mo. banc 2017) ] apply only prospectively and to cases still pending on direct appeal."); State ex rel. Fite v. Johnson , 530 S.W.3d 508, 510-11 (Mo. banc 2017) (concluding that a Rule 29.07(d) motion's claim that the circuit court must withdraw a movant's guilty plea for felony stealing was "substantively meritless" because Bazell 's holding only applies prospectively).
Despite those clear holdings, Movant argues that a Bazell challenge, which asserts that an unlawful sentence has been imposed, may be successfully raised for the first time in a timely Rule 24.035 motion. Our Western District recently rejected the same point and supporting arguments as those raised here (asserted by the same appellate counsel) in Watson v. State , 545 S.W.3d 909, 913-16, (Mo. App. W.D. 2018). We concur in Watson 's reasoning, reject Movant's point accordingly, and affirm the order denying Rule 24.035 relief.[3]
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

Rule references are to Missouri Court Rules (2017). This Court has validated the timeliness of Movant's post-conviction motions. Because Movant did not file a direct appeal, his pro se motion was due within 180 days of the date he was delivered to DOC custody. See Rule 24.035(b). Movant was delivered to DOC on April 26, 2016, and his pro se motion was filed on September 23, 2016-well within 180 days. The amended motion had to be filed within 60 days of the date both a complete transcript consisting of the guilty plea and sentencing hearing was filed in the trial court and counsel was appointed. See Rule 24.035(g). The public defender was appointed to represent Movant the same day he filed his pro se motion, and the transcript was filed on March 15, 2017. Movant's amended motion was timely filed less than 60 days later on May 11, 2017.

Movant pleaded guilty in 2011, and his sentence was imposed in 2013.

To be clear, strictly speaking, Rule 24.035 was a proper procedural vehicle by which Movant could raise a claim that his sentence was in excess of the maximum authorized by law. See Rule 24.035(a). But Movant's specific claim here-that he may successfully assert a Bazell challenge in a timely Rule 24.035 motion-"erroneously conflates procedural cognizability with substantive merit." Watson , 545 S.W.3d at 915. Procedurally, Movant could bring his claim pursuant to Rule 24.035; substantively, his claim is without merit as a matter of law.