SHERRI B. SULLIVAN, P.J.
Introduction
James Alan Bosworth (Appellant) appeals from the Findings of Fact, Conclusions of Law, and Judgment of the motion court denying his Rule 24.035[1] motion for post-conviction relief. We affirm in part, vacate in part pursuant to Rule 84.14,[2] and dismiss in part.
Factual and Procedural Background
On April 7, 2015, the State charged Appellant by amended information in Case No. 14BB-CR00402-01 as a prior and persistent offender with the class C felony of second-degree burglary under Section 569.170[3] and the class C felony of stealing a credit card under Section 570.030 RSMo Cum. Supp. 2013. On December 10, 2015, Appellant entered an open plea of guilty for both charges. The plea court found him to be a prior and persistent offender with regard to both counts after he admitted having three prior felony convictions. His sentencing hearing was scheduled for a later date.
On July 5, 2016, the State charged Appellant by amended information in Case No. 16BB-CR00473-01 as a prior and persistent offender with the class C felony of second-degree burglary under Section 569.170 and the class A misdemeanor of stealing property valued at less than $500 under Section 570.030. On July 5, 2016, Appellant entered an open plea of guilty for both charges. The sentencing court found him to be a prior and persistent offender with regard to both counts after *7 he admitted to having been convicted of three prior felonies.
On July 5, 2016, the sentencing court orally pronounced and put in writing Appellant's sentences for the four charges to which he pled guilty on December 10, 2015 and July 5, 2016.
In Case No. 14BB-CR00402-01, the court sentenced Appellant to 15 years' imprisonment for the class C felony of second-degree burglary and 15 years' imprisonment for the class C felony of stealing a credit card, with the sentences to run concurrently.
In Case No. 16BB-CR00473-01, the court sentenced Appellant to 15 years' imprisonment for the class C felony of second-degree burglary and 1 year of confinement in the county jail for the class A misdemeanor of stealing property valued at less than $500, with the sentences to run concurrently with each other and his other sentences.
On July 8, 2016, Appellant was delivered to the Missouri Department of Corrections (MDOC).
On July 19, 2016, the State filed a Motion to Add Restitution requesting the sentencing court to order $5,575 in restitution in Case No. 16BB-CR00473-01. The State gave notice to Appellant but not to Appellant's counsel of the motion and hearing thereon on August 2, 2016. On August 2, 2016, with Appellant still in MDOC and not present, the court amended the sentence and judgment to order $5,575 restitution and to state there would be "No ECC [Earned Compliance Credits] until restitution paid in full." An amended written judgment reflecting this order was filed on August 10, 2016.
On August 30, 2016, the State filed a Motion to Add Restitution requesting the court to order $55 in restitution in Case No. 14BB-CR00402-01. The State noticed Appellant of the motion and hearing thereon on October 4, 2016, but failed to notice Appellant's counsel. On October 4, 2016, with Appellant still in MDOC and not present, the court amended the sentence and judgment to order $30 restitution and to state there would be "No ECC until restitution paid in full." An amended written judgment reflecting the order was filed on October 25, 2016.
On November 30, 2016, Appellant timely filed his Rule 24.035 motion for post-conviction relief challenging his sentences in Case Nos. 14BB-CR00402-01 and 16BB-CR00473-01. On December 1, 2016, the motion court appointed the Office of the Public Defender to represent Appellant. On December 13, 2016, the transcript was filed. On December 27, 2016, Appellant's appointed counsel filed a motion for an extension of time to file an amended Rule 24.035 post-conviction motion, which the court granted. Counsel timely filed the amended motion on March 13, 2017, in which four claims were raised.
In his first claim, Appellant contended the sentencing court violated due process and exceeded its authority in sentencing him to 15 years' imprisonment for stealing a credit card in Case No. 14BB-CR00402-01 because as held in State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016), that offense was a class A misdemeanor with a maximum penalty of a term of one year's confinement.
In his second claim, Appellant alleged the sentencing court exceeded its jurisdiction in ordering him to pay restitution in Case No. 16BB-CR00473-01 because this order for restitution modified his sentence that was orally pronounced by the court on July 5, 2016, without recalling Appellant to appear for resentencing, and where the July 5, 2016 oral pronouncement of the judgment was reduced to writing before the court's order of restitution.
*8 In his third claim, Appellant claimed (1) the court denied his right to due process in Case No. 14BB-CR00402-01 by denying his opportunity to accrue ECC until his restitution was paid; and (2) the court exceeded its jurisdiction in ordering him to pay restitution in Case No. 14BB-CR00402-01 because this order for restitution modified his sentence that was orally pronounced by the court on July 5, 2016, without recalling Appellant to appear for resentencing, and where the July 5, 2016 oral pronouncement of the judgment was reduced to writing before the court's order of restitution.
In his fourth claim, Appellant maintained (1) the court exceeded its authority in ordering him to pay $5,575 in restitution in Case No. 16BB-CR00473-01 without a finding justifying the amount of restitution; and (2) the court exceeded its authority in denying him the opportunity to accrue ECC until his restitution was paid in full.
The motion court scheduled a hearing on Appellant's amended Rule 24.035 post-conviction motion for May 4, 2017. On May 4, 2017, the State and motion counsel stipulated to the facts as detailed in the amended motion. Specifically, the parties stipulated Appellant pled guilty to one count of the class C felony of second-degree burglary and one count of the class C felony of stealing a credit card on December 10, 2015; pled guilty to one count of the class C felony of second-degree burglary and one count of the class A misdemeanor of stealing property with a value under $500 on July 5, 2016; and was sentenced on July 5, 2016. The State further stipulated it subsequently filed motions to add restitution in both cases, which were heard by the court without Appellant's presence. The State averred it sent Appellant notice of the hearings but did not send notice to plea counsel because plea counsel no longer represented Appellant once the case was disposed. The motion court stated it would submit the case on the pleadings.
On May 22, 2018, the motion court denied Appellant's amended motion. The motion court held Appellant's claim his felony stealing charge in Case No. 14BB-CR00402-01 had a maximum penalty of one year's confinement was not cognizable in a Rule 24.035 post-conviction motion because Appellant did "not couch his claim in terms of a jurisdictional defect" and the court "sentenced him within the range of punishment authorized for a felony." The motion court also denied Appellant's second and third claims, stating that under Section 559.105 RSMo Cum. Supp. 2013, it was authorized to order both incarceration and restitution. The motion court reasoned the court did not exceed its authority to order restitution following its pronouncement of Appellant's sentences because an order for restitution is separate and distinct from a sentence, citing Section 557.011. The motion court further denied Appellant's fourth claim, stating the court had statutory authority under Section 559.105 to order restitution in both of Appellant's cases and followed the language of Section 559.105 in ordering him to pay restitution. The motion court stated Appellant's claim the court exceeded its authority in denying his ability to earn ECC was not cognizable in a Rule 24.035 post-conviction motion because Section 217.703.8 states "[t]he award or rescission of any credits earned under this section shall not be subject to appeal or any motion for post-conviction relief." This appeal follows. Additional facts pertinent to the appeal will be adduced as necessary.
Points on Appeal
In his first point, Appellant claims the motion court erred in denying his Rule 24.035 motion because without statutory *9 authorization the sentencing court enhanced his class A misdemeanor conviction with a maximum of one year's confinement to a class C felony with a fifteen-year sentence.
In his second point, Appellant maintains the motion court erred in denying his Rule 24.035 motion because the sentencing court lacked jurisdiction to modify its July 5, 2016 judgment in Case No. 16BB-CR00473-01 given that Appellant was not returned for resentencing before the judgment was reduced to a written judgment on August 10, 2016, and the subsequent amended judgment ordering him to pay $5,575 in restitution increased his punishment.
In his third point, Appellant asserts the motion court erred in denying his Rule 24.035 motion because the sentencing court exceeded its authority in Case No. 14BB-CR00402-01 by unilaterally denying him earned compliance credits (ECC) until his restitution was paid in full.
In his fourth point, Appellant contends the motion court clearly erred in denying his Rule 24.035 motion because the sentencing court lacked jurisdiction to modify its July 5, 2016 judgment in Case No. 14BB-CR00402-01 given that Appellant was not returned for resentencing before the judgment was reduced to a written judgment on October 25, 2016, and the subsequent amended judgment ordering him to pay $30 in restitution increased his punishment.
In his fifth point, Appellant argues the motion court erred in denying his Rule 24.035 motion because the sentencing court exceeded its authority in Case No. 16BB-CR00473-01 by ordering restitution of $5,575, without any evidence this amount was due to the offenses to which Appellant pled guilty.
In his sixth point, Appellant alleges the motion court erred in denying his Rule 24.035 motion because the sentencing court exceeded its authority in Case No. 16BB-CR00473-01 by unilaterally denying him ECC until his restitution was paid in full.
Standard of Review
We review a denial of post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); Little v. State, 427 S.W.3d 846, 850 (Mo.App. E.D. 2014). Findings and conclusions are clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. Gehrke v. State, 280 S.W.3d 54, 56-57 (Mo. banc 2009).
Discussion
Point I-Enhancement
In his first point, Appellant claims the motion court erred in denying his Rule 24.035 motion because without statutory authorization the sentencing court enhanced his class A misdemeanor conviction with a maximum of one year's confinement to a class C felony with a fifteen-year sentence.
Appellant relies on the Supreme Court's ruling in State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016), which held convictions under Section 570.030, "the stealing statute," only authorized misdemeanor punishment and could not be enhanced to a felony because of a flaw in the statute's language.[4] In *10 State v. Smith, 522 S.W.3d 221 (Mo.banc 2017), the Missouri Supreme Court reaffirmed its holding in Bazell. In State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500 (Mo. banc 2017), which involved a petition for habeas corpus, the Court ordered the Bazell holding only applies prospectively and not retroactively, except for those cases still pending on direct appeal. Id. at 503.
Appellant acknowledges Windeknecht, but maintains it only dealt with relief sought via a petition for writ of habeas corpus and does not address claims like his brought under Rule 24.035. Unlike habeas petitions, Appellant contends, one of the articulated purposes of Rule 24.035 is to address claims that a sentence was imposed in excess of the maximum sentence allowed by law, citing State ex rel. Fite v. Johnson, 530 S.W.3d 508 (Mo. banc 2017). This argument erroneously conflates procedural cognizability with substantive merit. Though a Bazell claim that a sentence has been unlawfully entered may be procedurally cognizable under Rule 24.035 in a strictly technical sense, a Bazell claim asserted pursuant to Rule 24.035 is substantively without merit as a matter of law. In Watson v. State, 545 S.W.3d 909 (Mo. App. W.D. 2018) (application for transfer to Mo. S.Ct. denied May 22, 2018) and Abrams v. State, 2018 WL 2252395 (Mo. App. S.D. May 17, 2018), our colleagues in the Western and Southern Districts have very recently held a Bazell challenge, which asserts an unlawful sentence has been imposed, cannot successfully be raised in a Rule 24.035 post-conviction motion after a guilty plea. As was the case with the habeas petitioner in Windeknecht, the Rule 24.035 movants in Watson and Abrams"received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in Bazell." Watson, 545 S.W.3d at 915 ; Abrams, 2018 WL 2252395, at *2 (following Watson ); see also Dobbs v. State, 546 S.W.3d 612, ----, 2018 WL 1161972, at *1 (Mo. App. E.D. March 6, 2018) (per curiam) (affirming denial of Rule 24.035 motion because Bazell does not apply retroactively); Coats v. State, 546 S.W.3d 611, ----, 2018 WL 1161802, at *1 (Mo. App. E.D. March 6, 2018) (per curiam) (same); Pierce v. State, 548 S.W.3d 923, 924, 2018 WL 2925542 at *1 (Mo.App. E.D. June 12, 2018) (per curiam) (same); Epperson v. State, 548 S.W.3d 921, 922, 2018 WL 2924994 at *1 (Mo.App. E.D. June 12, 2018) (per curiam) (same).
For the foregoing reasons, Point I is denied.
Points II, IV, and V-Imposition of Restitution
In his second and fourth points, Appellant maintains the motion court erred in denying his Rule 24.035 motion because the sentencing court exhausted its jurisdiction and thus lacked the authority to modify its July 5, 2016 judgment in Case Nos. 16BB-CR00473-01 and 14BB-CR00402-01 given that Appellant was not returned for resentencing before the subsequent amended written judgments of August 10, 2016 and October 25, 2016, ordering him to pay $5,575 and $30, respectively, *11 in restitution, which increased his punishment. In his fifth point, Appellant argues the motion court erred in denying his Rule 24.035 motion because the sentencing court exceeded its authority in Case No. 16BB-CR00473-01 by ordering restitution of $5,575 in its August 10, 2016 amended judgment without any evidence this amount was due to the offenses to which Appellant pled guilty.
The State concedes the motion court clearly erred in upholding the restitution orders because both of the amended judgments purporting to require restitution were a nullity in that the original judgments were final and the sentencing court had no authority to modify them at the times that it did. In a criminal case, a final judgment occurs when a sentence is entered. State v. Paden, 533 S.W.3d 731, 736 (Mo.App. W.D. 2017) ; State v. Larson, 79 S.W.3d 891, 893 (Mo. banc 2002). Here, final judgments were entered in Case Nos. 14BB-CR00402-01 and 16BB-CR00473-01 on July 5, 2016, when the sentencing court orally pronounced and put in writing Appellant's sentences for the four charges to which he pled guilty on December 10, 2015 and July 5, 2016. In Case No. 14BB-CR00402-01, the court sentenced Appellant to 15 years' imprisonment for the class C felony of second-degree burglary and 15 years' imprisonment for the class C felony of stealing a credit card, with the sentences to run concurrently. In Case No. 16BB-CR00473-01, the court sentenced Appellant to 15 years' imprisonment for the class C felony of second-degree burglary and 1 year of confinement in the county jail for the class A misdemeanor of stealing property valued at less than $500, with the sentences to run concurrently with each other and his other sentences. Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction and can take no further action in that case except when otherwise expressly provided by statute or rule. Paden, 533 S.W.3d at 736.
Appellant was delivered to the MDOC and not returned to court. The trial court had exhausted its jurisdiction because the sentences it rendered were in accordance with the law in effect at the time of Appellant's offenses. A trial court exhausts its jurisdiction when it renders a sentence in accordance with the law. State v. Ferrier, 86 S.W.3d 125, 127 (Mo. App. E.D. 2002). The trial court was without authority to issue amended judgments on August 10 and October 25, 2016, respectively. "The trial court exhausts its jurisdiction once judgment and sentencing occur in a criminal proceeding, and can take no further action unless otherwise expressly provided by statute or rule." Allen v. State, 219 S.W.3d 273, 277 (Mo.App. S.D. 2007) ; State ex rel. Mertens v. Brown, 198 S.W.3d 616, 618 (Mo. banc 2006). "Any subsequent proceedings by the trial court not authorized by statute or rule will be considered a nullity." State ex rel. Johnston v. Berkemeyer, 165 S.W.3d 222, 224 (Mo.App. E.D. 2005) ; Allen, 219 S.W.3d at 277. Because the amended judgments were each a nullity, the motion court clearly erred by upholding them and denying the claims Appellant asserts in Points II, IV and V. Rather than remand to the motion court with directions, in the interests of expediency, this Court has the authority under Rule 84.14 to order the sentencing court's August 10, 2016, and October 25, 2016 amended judgments stricken. Points II, IV and V are thereby moot.
Points III and VI-Restitution's Effect on ECC
In his third and sixth points, Appellant asserts the motion court erred in denying his Rule 24.035 motion because the sentencing court exceeded its authority in *12 Case Nos. 14BB-CR00402-01 and 16BB-CR00473-01 by unilaterally denying him ECC until his "ordered restitution" was paid in full. Because the sentencing court's amended judgments imposing restitution are a nullity and ordered stricken by this Court under Rule 84.14, Appellant's remaining Points III and VI regarding the amended judgments are also moot.
Conclusion
The motion court's May 22, 2016 Findings of Fact, Conclusions of Law, and Judgment denying Appellant's Rule 24.035 motion for post-conviction relief is affirmed in part, with respect to the issue raised in Point I on appeal. Pursuant to Rule 84.14, we order the sentencing court's amended judgments of August 10, 2016 and October 25, 2016 in Case Nos. 14BB-CR00402-01 and 16BB-CR00473-01 stricken and vacated. Accordingly, Appellant's Points II through VI on appeal with regard to those amended judgments and any effect thereof are dismissed as moot.
Lawrence E. Mooney, J., and James M. Dowd, J., concur.

All rule references are to Mo. R. Crim. P. 2014, unless otherwise indicated.

Rule 84.14 provides for Disposition on Appeal:
The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case.

All statutory references are to RSMo 2000, unless otherwise indicated.

For those unfamiliar with Bazell, the State argued under Section 570.030, stealing is a class A misdemeanor unless the property stolen is among those designated under Section 570.030.3 (here, "any firearms"), in which case it can be punished as a class C felony. The Court stated this reading of Section 570.030.3, however, critically ignores the fact that the felony enhancement provision, by its own terms, only applies if the offense is one "in which the value of the property or services is an element." It said stealing is defined in Section 570.030.1 as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his consent or by means of deceit or coercion." The Court said the value of the property or services appropriated is not an element of the offense of stealing. Id. at 266.