Honorable Mary K. Hoff
Brandon P. Whittley ("Movant") appeals from the motion court's "Findings of Fact, Conclusions of Law, and Judgment" ("Judgment") denying Movant's Amended Motion to Vacate, Set Aside, or Correct Judgment or Sentence ("Amended Motion"), which alleged a sentence in excess of the maximum authorized by law. We affirm.
Factual and Procedural Background
On July 27, 2015, Movant was charged by information with the class C felony of stealing, in violation of Section 570.030 RSMo Supp. 2009.[1] On August 3, 2015, Movant, appearing pro se , pleaded guilty. After determining that Movant's plea was made knowingly, intelligently, and voluntarily, the plea court accepted Movant's guilty plea. The court sentenced Movant to seven years of imprisonment running consecutively to a sentence he was serving from a separate case, suspended execution of the sentence, and placed Movant on probation for a term of five years.
On March 9, 2017, the court revoked Movant's probation and executed the previously-imposed seven-year sentence. On March 9, 2017, Movant was delivered to the custody of the Missouri Department of Corrections.
On March 24, 2017, Movant timely filed a pro se Rule 24.035 motion, and the motion court appointed counsel to represent him on the same day. On April 4, 2017, counsel entered her appearance, and on April 10, 2017, the motion court granted a thirty-day extension of time to file an amended Rule 24.035 motion. On June 1, 2017, the transcript of Movant's plea and sentencing hearings was filed.
On August 2, 2017, Movant timely filed his Amended Motion, alleging therein that his sentence exceeds the maximum penalty authorized by law because his stealing offense should have been classified as a class A misdemeanor, not a class C felony, given the Missouri Supreme Court's decisions in State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016) and State v. Smith, 522 S.W.3d 221 (Mo. banc 2017).
On November 13, 2017, the motion court entered its Judgment denying the Amended Motion without an evidentiary hearing, concluding that per State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500 (Mo. banc 2017), " Bazell does not apply retroactively." Movant's appeal follows.
Standard of Review
We review a denial of a post-conviction motion for whether the motion court's findings of fact and conclusions of *403 law are clearly erroneous. Rule 24.035(k); Little v. State, 427 S.W.3d 846, 850 (Mo. App. E.D. 2014). Findings and conclusions are clearly erroneous only where, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. Little, 427 S.W.3d at 850.
A movant is entitled to an evidentiary hearing only where: (1) he pleads facts, not conclusions warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to him. Id.
Stealing Enhancement
In his sole point on appeal, Movant argues that the motion court clearly erred in denying his Amended Motion because, pursuant to the Missouri Supreme Court's holdings in Bazell and Smith, the stealing offense with which he was charged could only be classified as a class A misdemeanor, not a class C felony. Movant argues that, as such, the seven-year sentence he received exceeded the maximum authorized by law. We disagree.
In Bazell, our Supreme Court held that Section 570.030 did not permit the class A misdemeanor offense of stealing to be enhanced to a felony because, by its own terms, the felony enhancement provision in Section 570.030.3 applied only to those offenses "in which the value of property or services is an element," and "stealing," as defined by Section 570.030.1[2] , contained no such element. 497 S.W.3d at 266-67. The Supreme Court reaffirmed its holding in Bazell in Smith, 522 S.W.3d at 230. Thereafter, the Supreme Court determined in State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500 (Mo. banc 2017), wherein the petitioners sought habeas corpus relief for excessive sentences under Section 570.030, that Bazell's holding "only applies forward, except those cases pending on direct appeal." Id. at 503.
In denying the Amended Motion, the motion court relied on Windeknecht and concluded that, since Bazell could not apply retroactively to Movant's case, the seven-year sentence imposed upon Movant could not be found to be in excess of the maximum allowed by law. On appeal, however, Movant argues that Windeknecht is distinguishable here because that case considered Bazell's applicability in the context of habeas relief, not a post-conviction challenge. Thus, Movant claims that he should be permitted to raise his claim in a Rule 24.035 motion because his sentence "exceeds the maximum penalty authorized by law." Movant's argument, however, "erroneously conflates procedural cognizability with substantive merit." Watson v. State, 545 S.W.3d 909, 915 (Mo. App. W.D. 2018).
This Court has previously rejected the very argument Movant now advances, explaining that, while Rule 24.035 is the proper procedural vehicle by which one could raise a Bazell claim that his sentence exceeded the maximum authorized by law, such a claim has no substantive merit as a matter of law because the Supreme Court exercised its authority in Windeknecht to order that Bazell's holding would only apply prospectively, except for those cases pending on direct appeal. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 915 ("Though a Bazell claim ... may be procedurally cognizable under Rule 24.035 in a strictly technical sense, [it] ... is substantively without merit as a matter of law," per Windeknecht.); Abrams v. State, 550 S.W.3d 557, 558 (Mo. App. S.D. 2018) (agreeing with Watson and affirming denial *404 of Rule 24.035 relief); and Bosworth v. State, 559 S.W.3d 5, 8-10, 2018 WL 3977035, at *3-4 (Mo. App. E.D. Aug. 21, 2018) (relying on Abrams and Watson to affirm denial of Rule 24.035 relief).
Movant attempts to avoid this conclusion by arguing that he does not seek retroactive application of a new rule of law announced in Bazell, but rather, merely seeks the correct application of Section 570.030.3, which was in effect at the time of his conviction and now, in light of Bazell, is properly understood. In making this argument, Movant cites to State v. Severe, 307 S.W.3d 640 (Mo. banc 2010), and Thornton v. Denney, 467 S.W.3d 292 (Mo. App. W.D. 2015).[3]
In Severe, the Missouri Supreme Court considered how to apply a newly interpreted statute, in light of its decision in Turner v. State, 245 S.W.3d 826 (Mo. banc 2008), to a defendant's case whose direct appeal of her conviction was pending at the time Turner was decided. The defendant in Severe was charged with driving while intoxicated ("DWI"), and the State presented evidence to the trial court of her prior convictions-a class B misdemeanor DWI conviction and a municipal DWI guilty plea that resulted in a suspended imposition of sentence-to enhance the DWI offense from a misdemeanor to a class D felony under Section 577.023 RSMo Supp. 2007. Severe, 307 S.W.3d at 641. After the defendant was tried and convicted, she appealed, and during the pendency of her appeal, the Missouri Supreme Court decided Turner, which held that a municipal DWI plea that resulted in a suspended imposition of sentence could not be used to enhance the offense to a class D felony under Section 577.023 RSMo Supp. 2007. Id. ; see also Turner, 245 S.W.3d at 829. While it was clear that the defendant's felony conviction would be reversed and remanded for resentencing, the State argued that it should be permitted to present evidence of other alcohol-related offenses not presented at the original trial in order to justify the enhancement. Id. Rejecting that argument, the Court noted that, despite a differing interpretation of the statute by the Court of Appeals, the State was "on notice by the plain language of Section 577.023" as to the appropriate evidence to be presented for enhancement such that the State would not be given a second opportunity to enhance the offense. Id. at 643. The Court explained that Turner"made no new law; it merely clarified the language of an existing statute," and the "clear words of the statute govern interpretation," which the State should have adhered to in enhancing the offense. Id. at 643-44.
In Thornton, the petitioner sought habeas relief after pleading guilty to a felony-enhanced charge of DWI stemming from two prior DWI convictions-one of which being a municipal DWI plea that resulted in a suspended imposition of sentence-arguing that Turner prevented his DWI offense from being enhanced to a felony. Thornton, 467 S.W.3d at 293-95. The State agreed that the enhancement of the offense against petitioner would have been impossible under Turner's interpretation of the enhancement statute, but it argued that Turner could not be applied retroactively to the petitioner's case. Id. at 295. In finding for the petitioner, however, the Court of Appeals determined that, in actuality, he was not seeking retroactive application of any new rule of law from Turner. Id. at 298-99. The Court cited to Severe's determination that Turner"made no new law[, but] merely clarified the language of *405 an existing statute" and found that "no retroactivity issue arises" because the petitioner was merely seeking application of the statute's plain language that was in effect at the time of his guilty plea and clarified by Turner. Id. The Court concluded, therefore, that absent a "retroactivity" issue, nothing prevented the application of Turner's interpretation of Section 577.023 to the petitioner's conviction. Id. at 299.
Movant argues that, like Severe and Thornton, he is warranted relief because he seeks the mere application of the clear language of Section 570.030, which prevented the felony-enhancement of his stealing offense at the time of his guilty plea. Movant's argument, however, critically misinterprets the effect of Windeknecht's holding. In Windeknecht, the Missouri Supreme Court explicitly stated that:
[t]he Supreme Court of the United States has held a state supreme court is not constitutionally compelled to make retroactive a different interpretation of a state statute. 'A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward.'
Windeknecht, 530 S.W.3d at 503 (quoting Wainwright v. Stone, 414 U.S. 21, 23-24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973) ) (emphasis added). In that vein, our Supreme Court exercised its authority to only apply Bazell's holding, which established a different interpretation of Section 570.030, prospectively except for cases pending on direct appeal. Id. In doing so, it made clear that the sentences like those received by the petitioners in Windeknecht; the movants in Abrams, Watson, and Bosworth; and Movant were "authorized by a different interpretation of [S]ection 570.030 without objection [such that the parties] should not receive the benefit of retroactive application of [the Supreme] Court's decision in Bazell." Id. ; see also Watson, 545 S.W.3d at 916 ; Abrams, 550 S.W.3d at 558 ; and Bosworth, 559 S.W.3d at 10, 2018 WL 3977035, at *4. Movant's argument, therefore, is without merit. The motion court's findings and conclusions are not clearly erroneous. Point denied.
Conclusion
The Judgment is affirmed.
Philip M. Hess, Presiding Judge and Robert G. Dowd, Jr., Judge: Concur

Unless otherwise indicated, all further statutory references are to RSMo Supp. 2009.

Section 570.030.1 defines "stealing" as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion."

Neither Severe nor Thornton involved a Bazell claim as the instant case does, and neither case was addressed by Windeknecht.