JEFFREY W. BATES, J.
Tiffany Harris (Harris) was charged by indictment with violating § 570.030 by stealing a laptop worth at least $500.[1] On May 19, 2016, she pled guilty to that offense. That same day, she received a five-year sentence. On August 23, 2016, our Supreme Court decided State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), which held that the plain language of § 570.030 did not allow the offense of stealing to be enhanced to a felony. Id . at 266-67.
Harris filed a timely pro se motion requesting post-conviction relief, and appointed counsel filed a timely amended motion.[2] The amended motion alleged that Harris' sentence exceeded the maximum allowed by law because her stealing conviction could only be a misdemeanor pursuant to Bazell . Harris waived an evidentiary hearing, and the motion court denied the amended motion. The motion court decided that Harris was not entitled to relief because the holding in Bazell was not retroactive.
Harris has appealed from that ruling. Based on Bazell , she argues that: (1) her sentence exceeds the maximum allowed by law; and (2) her Rule 24.035 motion permitted the motion court to apply the Bazell rationale to set aside her five-year sentence.[3] We disagree.
A Rule 24.035 motion may be denied without an evidentiary hearing if the *365 movant fails to allege facts sufficient to justify post-conviction relief. DePriest v. State , 510 S.W.3d 331, 337-38 (Mo. banc 2017). Harris' amended motion alleges that she pled guilty and her five-year sentence was imposed before Bazell was decided. The motion seeks a reduction in Harris' sentence based on Bazell . Those allegations do not justify post-conviction relief because our Supreme Court has repeatedly held that "the Bazell holding only applies forward, except those cases pending on direct appeal." State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017) ; see also State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 229 n.2 (Mo. banc 2017) (holdings in Bazell and State v. Smith , 522 S.W.3d 221, 229-31 (Mo. banc 2017), apply only prospectively and to cases still pending on direct appeal); State ex rel. Fite v. Johnson , 530 S.W.3d 508, 510-11 (Mo. banc 2017) (concluding that a Rule 29.07(d) motion's claim that the circuit court must withdraw a movant's guilty plea for felony stealing was "substantively meritless" because Bazell's holding only applies prospectively).
As our Supreme Court pointed out in Windeknecht , a person who "received a sentence that was authorized by a different interpretation of section 570.030 without objection ... should not receive the benefit of retroactive application of this Court's decision in Bazell ." Windeknecht , 530 S.W.3d at 503. Accordingly, a movant who pled guilty to violating § 570.030 and received an enhanced felony sentence before Bazell was handed down is not entitled to substantive relief by raising that claim in a Rule 24.035 motion. All three districts of the Court of Appeals have so held. See May v. State , 558 S.W.3d 122, 124-26, 2018 WL 4403414, at *2-3 (Mo. App. S.D. Sept. 17, 2018) ; Whittley v. State , 559 S.W.3d 401, 403-05, 2018 WL 4312617, at *2-3 (Mo. App. E.D. Sept. 11, 2018) ; Bosworth v. State , 559 S.W.3d 5, 8-11, 2018 WL 3977035, at *3-4 (Mo. App. E.D. Aug. 21, 2018) ; Abrams v. State , 550 S.W.3d 557, 558 (Mo. App. S.D. 2018) ; Watson v. State , 545 S.W.3d 909, 915-16 (Mo. App. W.D. 2018).[4]
Harris acknowledges these holdings in her brief, but she argues that "there is no justification for treating post-conviction movants who timely file their requests for relief following pleas of guilty to stealing charges differently than those who were sentenced on stealing convictions following a bench or jury trial." Nevertheless, our Supreme Court affirmatively exercised its authority in Windeknecht to order that Bazell's holding would only apply prospectively, except for those cases pending on direct appeal. See Watson , 545 S.W.3d at 915 (though a Bazell claim "may be procedurally cognizable under Rule 24.035 in a strictly technical sense, [it] is substantively without merit as a matter of law"); see also Whittley , 559 S.W.3d at 403-04, 2018 WL 4312617, at *2 ; Bosworth , 559 S.W.3d at 8-11, 2018 WL 3977035, at *3-4 ; Abrams , 550 S.W.3d at 558. Harris pled guilty and was sentenced in May 2016, prior to the Bazell opinion. Harris did not appeal after the entry of her plea.[5] Therefore, her case was not pending when Bazell was handed down. See O'Haren v. State , 927 S.W.2d 447, 450 (Mo. App. 1996) (a case is considered "pending" until direct review is exhausted; since movant did not appeal after the entry *366 of his plea, movant's case was final and not pending at the time of the Supreme Court's decision); Zahnd , 533 S.W.3d at 230 ("judgment in a criminal case becomes final when a sentence is imposed"). Thus, Harris was not entitled to the retroactive application of Bazell to reduce her sentence. As Bazell and its progeny are the latest controlling decisions from our Supreme Court on this issue, we are constitutionally bound to follow their directives. MO. CONST. art. V, § 2 ; Inman v. Dominguez , 371 S.W.3d 921, 925 (Mo. App. 2012).
We adhere to the reasoning of these decisions and deny Harris' point. The motion court's order denying Rule 24.035 relief is affirmed.
WILLIAM W. FRANCIS, JR., P.J. - CONCUR
MARY W. SHEFFIELD, J. - CONCUR

All statutory references are to RSMo Noncum. Supp. (2014). All rule references are to Missouri Court Rules (2017).

This Court has independently verified the timeliness of Harris' post-conviction motions. See Moore v. State , 458 S.W.3d 822, 825-26 (Mo. banc 2015) ; Dorris v. State , 360 S.W.3d 260, 268 (Mo. banc 2012).

Section 570.030 has been amended. Effective January 1, 2017, this statute no longer contains the same language addressed in Bazell . State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 229 n.2 (Mo. banc 2017).

Appellate counsel represented the movants in three of the cases listed above.

"[T]he only claims reviewable in a direct appeal following an unconditional guilty plea, are claims disputing the subject-matter jurisdiction of the circuit court or claims challenging the sufficiency of the charging document." State v. Rohra , 545 S.W.3d 344, 347 (Mo. banc 2018).