PER CURIAM
Tyler R. Parker ("Movant") appeals from the judgment denying his amended Rule 24.035 motion, arguing that the five-year sentence of imprisonment he received for stealing over $500 was not permitted under State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016), which held that stealing over $500 was a misdemeanor offense, not a felony. Bazell, however, was handed down after Movant was sentenced, and as the State argued to the motion court, Bazell applies only prospectively, and not retrospectively, except to cases pending on direct appeal, pursuant to State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500, 503 (Mo. banc 2017). The motion court did not clearly err by denying Movant's amended Rule 24.035 motion on the basis that Bazell does not apply retrospectively to his case. The same has been held in Watson v. State, 545 S.W.3d 909, 915 (Mo. App. W.D. 2018), Abrams v. State, 550 S.W.3d 557, 558 (Mo. App. S.D. 2018), Bosworth v. State, 559 S.W.3d 5, 10 (Mo. App. E.D. 2018), Whittley v. State, 559 S.W.3d 401, 403-04 (Mo. App. E.D. 2018), and Harris v. State, 562 S.W.3d 363, 365 (Mo. App. S.D. 2018). An opinion would have no precedential value or serve any jurisprudential *821 purpose. We affirm the Judgment pursuant to Rule 84.16(b).