

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| HEATHER HAMILTON, | ) | No. ED106540 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Lincoln County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable James Beck |
| | ) | |
| Respondent. | ) | Filed: March 26, 2019 |

### Opinion

Heather Hamilton ("Movant") appeals from the judgment of the motion court, denying her Rule 24.035[1] post-conviction relief motion. Movant claims her sentences for two counts of felony stealing exceeded the maximum sentence authorized by law, in that under the holding in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), the sentences should not have been enhanced to class C felonies but should have remained class A misdemeanors. Likewise, the State maintains Movant was sentenced in excess of the authorized range of punishment because Movant was not sentenced, and thus her stealing convictions were not final, until after *Bazell* was decided. Consequently, the State argues Movant is entitled to the forward application of *Bazell*, and requests that this Court reverse the motion court's judgment and remand for resentencing. We disagree with both Movant and the State, and affirm the judgment of the motion court.

---

[1] All rule references are to Missouri Supreme Court Rules (2018), unless otherwise indicated.

Factual and Procedural Background

On December 16, 2011, Movant was charged with two counts of the class C felony of stealing a controlled substance, in violation of Section 570.030 RSMo 2000 (Cum. Supp. 2009).[2] On March 26, 2012, Movant pleaded guilty to both charges, pursuant to a plea agreement in which the State agreed to recommend Movant be placed in a drug court program. Movant acknowledged she was charged with two counts of the class C felony of stealing, and that the range of punishment for each offense was up to seven years in prison.[3] The plea court accepted the State's recommendation. On May 22, 2014, the trial court suspended imposition of sentence and placed Movant on probation for five years. On December 22, 2014, a probation violation hearing was scheduled, but Movant failed to appear and a warrant was issued for her arrest. On May 18, 2015, another probation violation hearing was scheduled, and, again, Movant failed to appear and an arrest warrant was issued. On May 28, 2015, the warrant was served, and Movant appeared at a probation violation hearing and confessed to violating two conditions of her probation. The court continued Movant's probation. On December 19, 2016, another probation violation hearing was held, and Movant confessed to violating four conditions of her probation. On March 16, 2017, the court terminated Movant's probation and sentenced her to concurrent terms of five years' imprisonment on each count of felony stealing. Movant did not file a direct appeal.

On August 4, 2017, Movant timely filed a *pro se* Rule 24.035 post-conviction relief motion. On August 17, 2017, the motion court appointed post-conviction counsel to represent Movant. On September 10, 2017, post-conviction counsel simultaneously entered his appearance and timely

---

[2] All further statutory references are to RSMo 2000 (Cum. Supp. 2009), unless otherwise indicated.

[3] The docket entries indicate a guilty plea hearing was held on March 26, 2012, but Movant concedes she did not request a transcript and was "proceeding without the transcript." However, the Legal File contains a "Petition to Enter Plea of Guilty (Felony)," which was signed by Movant, defense counsel, and the State. In the petition, Movant acknowledges, among other things, the plea agreement, the charges against her, and the range of punishment. While it is Movant's burden to provide the transcript of the hearing, neither party contests Movant pleaded guilty to two counts of the class C felony of stealing or that she understood the range of punishment for the offenses.

filed an amended motion. Therein, Movant acknowledged she did not request transcripts of the guilty plea and sentencing hearings, stating: "Given the nature of the claim being presented, and the time served already, movant is proceeding without the transcript." Movant claimed she was denied her right to due process of law because she was sentenced to the enhanced class C felony of stealing under Section 570.030, which was only a class A misdemeanor offense under the holding in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). As a result, Movant argued her five-year sentences exceeded the maximum punishment authorized by law. Movant also waived her right to an evidentiary hearing.

On February 26, 2018, the motion court entered its findings of fact, conclusions of law, and judgment, denying Movant's post-conviction relief motion. The motion court found Movant's claim was precluded by the holding in *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. banc 2017), in which the Missouri Supreme Court held that the *Bazell* holding only applies to cases moving forward, except those cases pending on direct appeal. The motion court concluded, "Since the Movant's motion is not a direct appeal, and the Movant received a sentence that was authorized by a different interpretation of section 570.030 without objection, the Movant's request for relief is hereby denied." Movant now appeals.

## Standard of Review

We review the denial of a Rule 24.035 post-conviction relief motion to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Little v. State*, 427 S.W.3d 846, 850 (Mo. App. E.D. 2014).

3

In her sole point on appeal, Movant argues the motion court clearly erred in denying her Rule 24.035 post-conviction relief motion, in violation of her right to due process of law, because her sentences for two counts of felony stealing exceeded the maximum sentence authorized by law, in that under the holding in *Bazell*, the sentences should not have been enhanced to class C felonies but should have remained class A misdemeanors. Therefore, Movant asks this Court to reverse and remand for resentencing. We decline to do so.

In *Bazell*, the Missouri Supreme Court held that the class A misdemeanor offense of stealing under Section 570.030 could not be enhanced to a class C felony because Section 570.030.3, the felony enhancement provision, only applies to those offenses "in which the value of the property or services is an element." *Bazell*, 497 S.W.3d at 266–67. The Court found the offense of stealing, as defined in Section 570.030.1,[4] contained no such element. *Id.*; *see also State v. Smith*, 522 S.W.3d 221, 229–30 (Mo. banc 2017) (reaffirming *Bazell* and holding that "*Bazell* draws no distinction among the numerous subcategories enumerated within section 570.030.3"). One year later, in *State ex rel. Windeknecht v. Mesmer*, which involved a petition for habeas corpus,[5] the Court concluded that *Bazell*'s holding "only applies forward, except those cases pending on direct appeal." *Windeknecht*, 530 S.W.3d at 503.

Here, Movant argues *Windeknecht* does not apply to a timely-filed Rule 24.035 post-conviction relief motion because the Missouri Supreme Court's holding "does not specifically address claims for relief pursuant to Rule 24.035." In support of her argument, Movant relies on

---

[4] Pursuant to Section 570.030.1, "[a] person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion."

[5] *Windeknecht* involved four defendants who each pleaded guilty to the class C felony of stealing and, subsequently, petitioned the Court for habeas corpus relief on the basis of *Bazell*, arguing they were sentenced in excess of the maximum sentence authorized by law. *Windeknecht*, 530 S.W.3d at 501.

*State ex rel. Fite v. Johnson*, 530 S.W.3d 508 (Mo. banc 2017), in which the Missouri Supreme Court held that a defendant could not rely on *Bazell* to withdraw a guilty plea pursuant to Rule 29.07(d) because a "claim that [a] sentence was in excess of the maximum authorized by law [is] within the purview of Rule 24.035[.]" *Id.* at 510. However, Movant's reliance on *State ex rel. Fite* is misplaced because the Court did not hold that a *Bazell* claim could be *successfully* asserted pursuant to Rule 24.035. *See Watson v. State*, 545 S.W.3d 909, 915 (Mo. App. W.D. 2018). Indeed, Missouri courts have repeatedly rejected the exact argument Movant raises on appeal. It is now well-established that although "a *Bazell* claim that a sentence has been unlawfully entered may be procedurally cognizable under Rule 24.035 in a strictly technical sense, a *Bazell* claim asserted pursuant to Rule 24.035 is substantively without merit as a matter of law." *Id.* (rejecting Movant's argument that a *Bazell* claim can be successfully raised in timely-filed post-conviction relief motions); *see also Bosworth v. State*, 559 S.W.3d 5, 10 (Mo. App. E.D. 2018) (finding argument erroneously conflates procedural cognizability with substantive merit); *Whittley v. State*, 559 S.W.3d 401, 403 (Mo. App. E.D. 2018); *Abrams v. State*, 550 S.W.3d 557, 558 (Mo. App. S.D. 2018). In accordance with these cases, we find Movant's argument fails because her *Bazell* challenge cannot be successfully raised in a Rule 24.035 post-conviction relief motion following a guilty plea. *See Bosworth*, 559 S.W.3d at 10 (citing *Watson*, 545 S.W.3d at 915, and *Abrams*, 550 S.W.3d at 558).

Nevertheless, in support of Movant's appeal, the State argues *Windeknecht* is inapplicable to the present case because Movant was not sentenced, and therefore her stealing convictions were not final, until after *Bazell* was decided. Accordingly, the State maintains this case involves the forward application, rather than the retroactive application, of *Bazell*. We find the State's argument unpersuasive.

5

We acknowledge, as the State contends, that the procedural posture of Movant's case is different from that of prior cases involving a *Bazell* challenge in a post-conviction relief motion. Specifically, in *Windeknecht*, *Bosworth*, *Whittley*, *Abrams*, and *Watson*—which the State relies on to support its contention—the movants were seeking the retroactive application of *Bazell* for convictions that were already final when *Bazell* was decided.[6] Here, by contrast, on March 26, 2012, Movant pleaded guilty to two counts of felony stealing, and, on May 22, 2014, the trial court suspended imposition of sentence and placed Movant on probation for five years. The Missouri Supreme Court decided *Bazell* on August 23, 2016. Then, on March 16, 2017, after twice confessing to violating her probation, the trial court revoked Movant's probation and sentenced her to concurrent terms of five years' imprisonment. Consequently, the judgment against Movant was not final until she was sentenced, which occurred almost seven months after *Bazell* was decided. *See State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. banc 2017) ("A judgment in a criminal case becomes final when a sentence is imposed.").[7]

However, we decline to create an exception to *Windeknecht* that would allow post-conviction movants to reap the benefit of the forward application of *Bazell* merely because they

---

[6] *See Windeknecht*, 530 S.W.3d at 501 n.2 (four habeas petitioners pleaded guilty, and their sentences were executed in December 2010, May 2012, November 2012, and March 2014); *Bosworth*, 559 S.W.3d at 6–7 (movant pleaded guilty and was sentenced in July 2016); *Whittley*, 559 S.W.3d at 402 (movant pleaded guilty in August 2015, and the court sentenced movant to seven years' imprisonment, suspended execution of the sentence, and placed movant on probation for five years; in march 2017, the court revoked probation and executed the previously-imposed sentence); *Abrams*, 550 S.W.3d at 557 n.2 (movant pleaded guilty in 2011, and his sentence was imposed in 2013); *Watson*, 545 S.W.3d at 910–11 (movant pleaded guilty and was placed on probation, and then sentenced to five years in prison after probation was revoked; however, the appellate court did not provide the dates of these events).

[7] We note there is a difference between a suspended imposition of sentence ("SIS"), which Movant received, and a suspended execution of sentence ("SES"). A SIS is not a final judgment. Rather, a SIS defers the sentencing as well as the entry of a conviction on an offender's record. *See Hoskins v. State*, 329 S.W.3d 695, 698 n.3 (Mo. banc 2010) (citing *Edwards v. State*, 215 S.W.3d 292, 295 (Mo. App. S.D. 2007)). When an offender is on probation with a SIS, the court may revoke probation and impose any sentence within the limit set by law for the offense, at which time the judgment becomes final. However, an offender with a SIS who successfully completes probation does not have a criminal conviction on his or her record. *Id.* By contrast, a SES is a final judgment. *Taylor v. State*, 25 S.W.3d 632, 633 (Mo. App. E.D. 2000). When an offender receives a SES, a sentence has been assessed, but the court suspends the execution of the sentence and places the offender on probation. *Hoskins*, 329 S.W.3d at 698 n.3. If the offender violates probation, the court may execute the suspended sentence. However, even if probation is successfully completed, the offender still has a criminal conviction on his or her record. *Id.*

were sentenced after *Bazell* was decided. In this case, Movant pleaded guilty nearly four and a half years *prior* to *Bazell*. At the time Movant committed the crimes and pleaded guilty, her stealing offenses were classified as class C felonies under Section 570.030.3. As evidenced in her "Petition to Enter Plea of Guilty (Felony)," Movant acknowledged she was pleading guilty to two counts of the class C felony of stealing, and that the range of punishment that the law provided at that time was up to seven years in prison for each offense. Movant also acknowledged that no one made any threats or promises to her in exchange for the guilty plea, and that she had sufficient time to consult with counsel about the consequences of pleading guilty. Additionally, nothing in the record indicates Movant ever objected to the trial court's sentence. Although Movant's convictions were not final until after *Bazell*, this does not negate the fact that Movant knowingly, intelligently, and voluntarily pleaded guilty under a prior interpretation of Section 570.030. As such, when the trial court terminated Movant's probation, the court properly imposed a sentence of five years for each count of felony stealing, which was within the limit set by law for the offense. *See Hoskins*, 329 S.W.3d at 698 n.3. Accordingly, like the habeas petitions in *Windeknecht*, and the movants in *Watson*, *Bosworth*, *Whittley*, and *Abrams*, here, Movant "received a sentence that was authorized by a different interpretation of [S]ection 570.030 without objection and should not receive the benefit of retroactive application of [the Missouri Supreme Court's] decision in *Bazell*." *Windeknecht*, 530 S.W.3d at 503; *Watson*, 545 S.W.3d at 915–16; *Bosworth*, 559 S.W.3d at 10; *Whittley*, 559 S.W.3d at 405; *see also Abrams*, 550 S.W.3d at 558. Point denied.

<u>Conclusion</u>

We affirm the judgment of the motion court.

_____

Angela T. Quigless, J.

Roy L. Richter, P.J., and
Robert M. Clayton III, J., concur.

8