

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. CHRISTOPHER CULP, | ) ) | |
| Relator, | ) | |
| | ) | |
| v. | ) | WD83255 |
| | ) | |
| THE HONORABLE DENNIS ROLF, CIRCUIT JUDGE, | ) ) | FILED: November 26, 2019 |
| Respondent. | ) | |

### Original Proceeding on Petition for Writ of Mandamus

### Before Writ Division: Alok Ahuja, P.J., and Lisa White Hardwick and Anthony Rex Gabbert, JJ.

For the second time, this Court considers the circuit court's efforts to revoke Christopher Culp's probation for an October 2015 conviction for felony stealing. We held in a prior writ proceeding that Culp's probationary period expired on June 1, 2018. *State ex rel. Culp v. Rolf*, No. WD82270, 568 S.W.3d 443 (Mo. App. W.D. Jan. 15, 2019). Because the State did not exercise "every reasonable effort" to resolve the probation violations before Culp's probation expired, § 559.036.8,[1] we issue a second writ of mandamus, directing the circuit court to vacate its probation revocation order and discharge Culp from probation.

### Factual Background

The underlying facts are recited in detail in our earlier opinion. In brief, Culp pleaded guilty on October 19, 2015, to felony stealing in the Circuit Court of

---

[1] Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated through the 2017 Supplement.

Lafayette County, based on his appropriation of property having a value in excess of $500.[2] The circuit court sentenced Culp to seven years' imprisonment, but suspended the execution of his sentence and ordered him to serve a five-year term of supervised probation.

On March 16, 2017, the Department of Corrections' Board of Probation and Parole filed a Field Violation Report with the circuit court. The report stated that Culp had violated the conditions of his probation because he had been arrested on March 9, 2017, by the Henry County Sheriff's Department for unlawfully possessing various drugs, and for assaulting another person in an altercation over drugs. The report recommended that Culp's probation be revoked. The March 2017 violation report advised the court that, based on earned compliance credits which had accrued as of March 2017, Culp had an "earned discharge date" of June 26, 2019; the report stated that "[c]ontinued supervision compliance will result in an optimal discharge date of 5-2-2018."

The State filed an Application for Revocation of Probation in the circuit court on March 21, 2017. The circuit court issued a warrant for Culp's arrest the following day.

The Board of Probation and Parole filed a supplemental Field Violation Report with the circuit court on April 11, 2017, providing additional details concerning the allegations contained in the March report. The supplemental report stated that Culp had an "earned discharge date" of June 26, 2019, and an "optimal

---

[2]     In *State v. Smith*, 522 S.W.3d 221 (Mo. 2017), the Missouri Supreme Court held that stealing property with a value of more than $500 did not constitute a felony offense under § 570.030.3(1), RSMo Supp. 2014. 522 S.W.3d at 229–31; *see also State v. Bazell*, 497 S.W.3d 263, 265–67 (Mo. 2016). The offense was instead punishable only as a misdemeanor. *See Smith*, 522 S.W.3d at 230–31. The Supreme Court later held, however, that the *Bazell* and *Smith* decisions did not apply retroactively to offenders, like Culp, whose convictions had become final before those decisions were issued. *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500, 503 (Mo. 2017).

discharge date" of June 1, 2018. The supplemental report indicated that "[c]ontact was made with Culp at the Henry County Jail on 4-6-2017." The supplemental report also advised the court that "Culp is currently in custody at: Henry County Sheriff Department."

Following the filing of the supplemental violation report in April 2017, no further action took place in Culp's case for more than seventeen months. Then, on September 28, 2018, Culp filed a motion to be discharged from probation. The motion argued that, given Culp's continuing accrual of earned compliance credits under § 217.703, his probation had expired on June 1, 2018.

The circuit court denied Culp's motion for discharge from probation on October 17, 2018. The court concluded that Culp's "probation has not yet expired because his receipt of earned compliance credit has been stayed by the pending Motion for Probation Revocation." The court reached this conclusion despite the fact that it had not entered an order suspending Culp's probation, as authorized under § 217.703.5.

Culp filed a petition for writ of mandamus in this Court. Culp's Petition argued that his probationary period expired on his "optimal discharge date" of June 1, 2018, and that the circuit court had erroneously concluded that the State's filing of a motion for probation revocation had suspended Culp's accrual of earned compliance credits.

On December 17, 2018, while Culp's writ petition was pending in this Court, the circuit court entered a further order which revoked Culp's probation, and ordered that his seven-year sentence be executed.

We issued a permanent writ of mandamus on January 15, 2019, ordering that the circuit court rescind its October 17, 2018 order denying Culp's motion for discharge. *State ex rel. Culp v. Rolf*, 568 S.W.3d 443 (Mo. App. W.D. 2019). We agreed with Culp that, because of his continued accrual of earned compliance

3

credits, his probationary period expired on June 1, 2018. We further held that the circuit court would only have authority to revoke Culp's probation after that date if "'every reasonable effort [had been] made . . . to conduct the [revocation] hearing prior to the expiration of the period.'" *Id.* (quoting § 559.036.8; other citation omitted). Because the existing record did not permit this Court to resolve the "reasonable effort" issue in the first instance, we "directed [the circuit court] to determine whether any probation revocation hearing held after June 1, 2018, satisfied the standards in § 559.036.8." *Id.*

Following issuance of our opinion, the circuit court conducted an evidentiary hearing on April 16, 2019. At that hearing, Culp testified that he had been continuously incarcerated since his arrest in Henry County in March 2017. Culp testified that he was transferred from Henry County to the Department of Corrections in May 2017. Culp filed a motion for post-conviction relief concerning his Lafayette County stealing conviction on September 21, 2017. That motion listed the docket number of Culp's underlying Lafayette County criminal case, and also listed his address as the Western Missouri Correctional Center in Cameron. Culp also testified that, after he learned that a warrant had been issued for him in connection with the State's motion for probation revocation, he attempted to correspond with the circuit court on two occasions, but that his letters were returned unread, based on the court's policy of not accepting direct communications from criminal defendants.

Culp also presented testimony from a probation officer, who testified that he would have been able to locate Culp within the Department of Corrections if he had been asked to do so. The probation officer testified, however, that neither the court nor the State ever asked him to locate Culp in connection with the pending motion to revoke probation.

4

Finally, Culp presented testimony from an administrative assistant in the Public Defender's Office, who testified that she was able to verify Culp's address in the Department of Corrections both in September 2017 (when he filed his post-conviction relief motion), and again in June 2018 when he was moved to another Department of Corrections facility, by using the Department's publicly accessible "offender search" website (located at https://web.mo.gov/doc/offSearchWeb/searchOffenderAction.do).

The State did not cross-examine any of Culp's witnesses, or present any evidence of its own.

At the conclusion of the hearing, the circuit court found that "every reasonable effort" had been exercised to hold the revocation hearing before Culp's probation expired in June 2018. The court observed that "I did what I was required to do. I issued a warrant." The court explained that nothing further was required:

> There was a Motion to Revoke, which was filed. A warrant was issued. Unless additional responsibility is placed on the Court to see that the warrant is served or to somehow be expected to go out and find where defendants are, whether they be incarcerated or whether they be on the run, I don't think that is the Court's responsibility.

The court made a docket entry later the same day, which ruled that "the revocation of probation remains as previously ordered."

Culp once again filed a petition for writ of mandamus in this Court, arguing that the circuit court had no authority to revoke his probation outside of his probationary period, because "every reasonable effort" had not been taken to hold his revocation hearing before his probation expired. We requested a response from the Respondent, and now issue the writ of mandamus Culp has requested.

### Standard of Review

> An appellate court will issue a writ of prohibition to (1) prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or

5

when (3) a party may suffer irreparable harm if relief is not granted. Writ relief is appropriate if a circuit court has lost authority to conduct a probation revocation hearing. The probationer bears the burden of demonstrating the circuit court failed to make every reasonable effort to conduct the probation revocation hearing prior to the expiration of the probationary period.

*State ex rel. Jones v. Eighmy*, 572 S.W.3d 503, 506–07 (Mo. 2019) (citations and internal quotation marks omitted).[3]

## Discussion

In our prior decision addressing the revocation of Culp's probation, we held that Culp's probationary period expired on June 1, 2018, due to the accrual of earned compliance credits under § 217.703. The circuit court did not enter an order revoking Culp's probation prior to that date. Therefore, as we held in our prior decision, 568 S.W.3d at 451, the circuit court only had authority to revoke Culp's probation if the requirements of § 559.036.8 were satisfied. Section 559.036.8 provides:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

As the Missouri Supreme Court recently explained in *Jones*:

> once the earned compliance date is reached, the court loses power to revoke probation unless the court both (1) manifested its intent to

---

[3]    Rule 84.24 provides that, after the filing of suggestions in opposition to a writ petition, an appellate court will ordinarily issue a preliminary writ, and the case will then proceed with the filing of a formal answer to the petition, and briefing by the parties. Rule 84.24(i) provides, however, that "[w]henever in the judgment of the court the procedure heretofore required would defeat the purpose of the writ, the court may dispense with such portions of the procedure as is necessary in the interest of justice." Because we conclude that the circuit court lacked statutory authority to revoke Culp's probation and order his incarceration, we have determined in the interest of justice to proceed directly to issuance of a permanent writ in mandamus.

6

conduct a revocation hearing before the probation term ended and (2) then made "every reasonable effort" to notify the probationer and conduct the hearing before the term ended.

572 S.W.3d at 507; *accord State ex rel. Zimmerman v. Dolan*, 514 S.W.3d 603, 608 (Mo. 2017); *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801–02 (Mo. 2014); *State ex rel. Boswell v. Harman*, 550 S.W.3d 551, 555 (Mo. App. W.D. 2018).

The circuit court found that it had engaged in "every reasonable effort" within the meaning of § 559.036.8 because "I did what I was required to do. I issued a warrant." Given the court's knowledge of Culp's whereabouts, however, merely issuing an arrest warrant did not constitute "every reasonable effort."

In this case, the State sought to revoke Culp's probation based on his commission of additional offenses in Henry County. The supplemental probation violation report filed with the circuit court on April 11, 2017, informed the court and the prosecution of Culp's location: it stated that "Culp is currently in custody at: Henry County Sheriff Department." The report also stated that "[c]ontact was made with Culp at the Henry County Jail on 4-6-2017."

Yet, despite the fact that the court, and the prosecutor, were informed of Culp's whereabouts in early April 2017, no action was taken to conduct a probation revocation hearing in Culp's case – beyond simply issuing an arrest warrant – prior to the expiration of his probation over fourteen months later, on June 1, 2018. Notably, the State's response to Culp's writ petition acknowledges that, "[h]ad the Circuit Court known that Relator was incarcerated in another county, further actions would likely be required" beyond simply issuing an arrest warrant. Despite this concession, the State argues that Culp's whereabouts were unknown, and therefore that the issuance of an arrest warrant was sufficient. But this argument rests on a blatant mischaracterization of the record. The supplemental probation violation report filed on April 11, 2017 advised the court and the prosecution where Culp was detained. The report states that a probation officer interviewed Culp at

7

the Henry County jail on April 6, 2017. The report goes on to state that "Culp **is currently** in custody at: Henry County Sheriff Department" as of the date the report was prepared (April 10, 2017). Thus, under the facts established by the record, the State has essentially conceded the inadequacy of the efforts it took to resolve Culp's probation violations prior to June 1, 2018.[4]

The Supreme Court addressed virtually identical facts in *State ex rel. Jones v. Eighmy*, 572 S.W.3d 503 (Mo. 2019). *Jones* involves a probation revocation ordered by the Circuit Court of Taney County, after the expiration of the defendant's probationary period. As in this case, probation violation reports were filed with the Taney County court, stating that "Mr. Jones violated his probation by committing unrelated charges **and was being held in jail in neighboring Barry County**." 572 S.W.3d at 506 (emphasis added). Despite knowing the defendant's whereabouts, the circuit court and the prosecutor took only the actions which were taken in this case:

> Based on the August 2017 probation violation reports, the prosecutor filed a new motion to revoke probation. The circuit court set a hearing on the motion for September 28, 2017, issued a capias warrant for Mr. Jones' arrest, and appointed counsel. But the prosecutor did not seek, and the circuit court did not issue, a writ of habeas corpus *ad testificandum* or *ad prosequendum* or, so far as the record shows, make any other attempt to bring Mr. Jones before the court for the hearing.

*Id.*

---

[4]     We recognize that, due to the circuit court's delay in conducting a probation revocation hearing, Culp was transferred from the Henry County jail to the Department of Corrections. But this does not alter the fact that the court and the prosecution were aware of Culp's whereabouts at the time the motion to revoke his probation was filed. The evidence before the circuit court also established that it would have been a simple matter to determine Culp's whereabouts in the Department of Corrections. The State should not be permitted to benefit from its own delay, by arguing that a defendant's location has changed after the filing of a motion to revoke probation – particularly when the defendant's new location is easily determinable.

*Jones* held that merely issuing an arrest warrant does not discharge the State's obligation to make "every reasonable effort" to hold a revocation hearing before the defendant's probation expires, when – as here – the court and the prosecution are aware of the defendant's whereabouts.

> To retain authority to revoke probation beyond the probationary term, the trial court is not required to take all conceivable steps to secure the defendant's presence, only reasonable steps. But, the facts here do not present a case in which, for example, the court was unaware of Mr. Jones' incarceration or issued a writ but was unsuccessful at securing the offender's presence. Instead, the court here had full knowledge of Mr. Jones' earned discharge date of December 20, 2017, and the case file showed Mr. Jones was detained in Barry County due to the very acts the prosecutor said should result in his probation being revoked. There were multiple avenues to bring Mr. Jones to the court for a revocation hearing prior to the expiration of his probation in December 2017. Instead, the circuit court here took no action at all for nine months after the September hearing[, at which Jones failed to appear because of his incarceration in Barry County]. This does not constitute every reasonable effort to conduct the hearing prior to the expiration of Mr. Jones' probationary term.

572 S.W.3d at 509 (citation and internal quotation marks omitted).

As in *Jones*, the court here "had full knowledge" that Culp's probationary term would expire on June 1, 2018, and "the case file shows [Culp] was detained in [Henry] County due to the very acts the prosecutor said should result in his probation being revoked." Further, as in *Jones*, "the circuit court here took no action at all for [eighteen] months" from the issuance of an arrest warrant in March 2017, until holding a hearing on Culp's motion for discharge from probation on October 15, 2018.

The delay in this case is substantially longer than in *Jones*. In *Jones*, violation reports were filed in August 2017, Jones' probationary term ended on December 20, 2017, and a probation revocation hearing was apparently held in June 2018. Thus, the court had less than four months before the expiration of Jones' probation to resolve the August 2017 violations, and the court actually

9

conducted a hearing approximately ten months after the violation reports were filed.  Here, by contrast, the court had *fourteen months* in which to resolve Culp's probation violations before his term expired, and it did not actually revoke his probation until approximately *twenty-one months* after the prosecution moved to revoke Culp's probation.  The reasonableness of the State's actions in *Jones* presented a closer question than in this case.

## Conclusion

Under the *Jones* case, the State failed to engage in "every reasonable effort" to resolve Culp's probation violations before his probation expired on June 1, 2018.  Therefore, the circuit court lacked the statutory authority to revoke Culp's probation in December 2018.  We issue our writ of mandamus directing the circuit court to vacate its December 2018 order revoking Culp's probation, and direct it to instead enter an order granting Culp's motion for discharge from probation.

_____
Alok Ahuja, Judge

All concur.

10