

# In the
# Missouri Court of Appeals
# Western District

SXR LACEE K. ADAMS,

Relator,

v.

THE HONORABLE KEVIN CRANE,

Respondent.

WD85407

OPINION FILED:

September 13, 2022

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Kevin Crane, Judge**

**Before Writ Division:**
**Edward R. Ardini, Jr., P.J., Gary D. Witt, C.J. and Thomas N. Chapman, J.**

Relator Lacee Adams pleaded guilty to one count of assault in the second degree and one count of felony stealing in the Boone County Circuit Court, and the circuit court sentenced Adams to two concurrent terms of eight years' imprisonment the same day. Nearly three weeks later, upon motion by the State, the circuit court signed an order of restitution in the amount of $1,420. Adams seeks a writ of prohibition, or in the alternative, a writ of mandamus ordering the circuit court to rescind the restitution order. The preliminary writ is made permanent.

## Background

Adams was originally charged on July 30, 2021, with four counts—assault in the first degree, property damage in the first degree, leaving the scene of an accident (property damage

exceeds $1,000), and felony stealing. Adams and the State engaged in plea negotiations, resulting in an agreement whereby the State would amend the assault in the first degree charge to assault in the second degree, Adams would also plead guilty to the felony stealing charge, imposition of concurrent eight-year sentences on each charge, and a "special condition [of] restitution to be paid (if [the prosecutor's] office can verify the amount before her plea)" in exchange for Adams's guilty plea.

At 8:59 a.m. on April 1, 2022, the day of Adams's guilty plea and sentence, the prosecutor emailed defense counsel, "Victim's restitution paperwork was just received, our office is processing and verifying it. So Restitution is to be ordered. Sorry for the short notice." That day, Adams pleaded guilty to one count of class D felony assault in the second degree and one count of class D felony stealing,[1] and the circuit court sentenced her to two concurrent terms of eight years' imprisonment. The State did not request restitution at the hearing, and restitution was not ordered as part of the sentence. The same day, the State filed a restitution memorandum requesting that restitution be ordered in the amount of $1,420. The circuit court took no immediate action on the request.

On April 20, 2022, the State filed a motion to order restitution, requesting the circuit court to order the Missouri Department of Corrections ("DOC") to collect restitution in the amount of $1,420. Adams filed objections to the motion, arguing that when sentence was entered on April 1, the judgment became final in the criminal case and the circuit court lost jurisdiction to enter a restitution order. The circuit court, without holding a hearing, signed an order of restitution in the amount of $1,420 and gave notice to the DOC.

---

[1] The judgment reflects that the first-degree property damage and leaving the scene of an accident counts were "Dismissed by Prosec/Nolle Pros."

On April 24, 2022, Adams filed a notice of hearing to take up her objections to the State's motion to order restitution. A hearing was held on May 2, 2022. Adams argued that the circuit court lacked jurisdiction to sign the order of restitution on April 20, 2022, because a final judgment in the case was entered on April 1, 2022. The State did not address the issue of jurisdiction but instead argued that restitution was part of the plea agreement and that the State emailed defense counsel on the morning of the plea that the victim's restitution paperwork was received and then filed a restitution memorandum that same day. At the May 2 hearing to consider whether to rescind the restitution order, the following discussion took place:

DEF. COUNSEL: We're here on the state's motion to order restitution and my objection to that, as it was filed almost 30 days following her sentence. And the Court has since lost jurisdiction to order restitution. You did sign the order of restitution already –

COURT: Well, she must not be – not on probation?

DEF. COUNSEL: She's in DOC, Judge.

COURT: Yeah. I guess I did lose jurisdiction.

** 

COURT: Are we back to the 30-day thing?

DEF. COUNSEL: Your honor, that's more for appeal purposes, is my understanding. Once the final judgment is entered, whatever time it was, 9:30 am on April 1st –

COURT: That's it.

DEF. COUNSEL: – that's it.

COURT: Well, so what are we having a hearing about then?

The Court went on to refuse to rescind the restitution order and found that it "lacks jurisdiction to rule in this hearing."

On May 19, 2022, Adams filed a petition for writ of prohibition, or in the alternative, a writ of mandamus ordering the circuit court to rescind the April 20, 2022 restitution order. On June 9, 2022, this court issued a preliminary writ.

## Standard of Review

This court has jurisdiction to determine and issue remedial writs. MO. CONST. art. V, sec. 4. The writ of prohibition is an extraordinary remedy and is to be used with great caution and forbearance and only in cases of extreme necessity. *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 355 (Mo. banc 2021).

> A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*Id.* (internal quotes and citation omitted). "The essential function of prohibition is to correct or prevent inferior courts and agencies from acting without or in excess of their jurisdiction." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 229-30 (Mo. banc 2017) (internal quotes and citation omitted).

## Analysis

"A criminal judgment is final once sentence is entered." *State v. Johnson*, 617 S.W.3d 439, 443 (Mo. banc 2021) (internal quotes and citation omitted). "Once judgment and sentence occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule." *Id.* at 443-44 (internal quotes and citation omitted). "To allow otherwise would result in a chaos of review unlimited in time, scope, and expense." *Van Amburg*, 533 S.W.3d at 230 (internal quotes and citation omitted). "Accordingly, an action taken by a circuit court after sentence is imposed

4

is a 'nullity' and 'void' unless specifically authorized by law." *Id. See also Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 469 (Mo. banc 2011) ("Following divestiture [of jurisdiction], any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void.").

Here, on April 1, 2022, Adams pleaded guilty to second-degree assault and felony stealing, and the circuit court sentenced her (orally and in writing) to two concurrent terms of eight years' imprisonment. At that time, the judgment in the criminal case became final, and the circuit court exhausted its jurisdiction over the case unless expressly provided by statute or rule. *Johnson*, 617 S.W.3d at 443-44; *Van Amburg*, 533 S.W.3d at 230; *Bosworth v. State*, 559 S.W.3d 5, 11 (Mo. App. E.D. 2018).

No statute or rule expressly authorized the circuit court to amend the judgment and sentence to order restitution.[2] Respondent is correct that the Missouri Constitution provides certain crime victims' rights, including "[t]he right to restitution, which shall be enforceable in the same manner as any other civil cause of action, or as otherwise provided by law." MO. CONST. art. I, sec. 32.1(4). Section 595.209.5, RSMo 2016, further provides,

> Victims' rights as established in Section 32 of Article I of the Missouri
> Constitution or the laws of this state pertaining to the rights of victims of crime

---

[2] Rule 29.13(a) provides that a circuit court may set aside a final judgment in a criminal case under certain circumstances. It states:

> (a) Within thirty days after the entry of the judgment and prior to the filing of the transcript of the record in the appellate court, the court may of its own initiative or on motion of a defendant arrest or set aside a judgment upon either of the following grounds: (1) that the facts stated in the indictment or information do not constitute an offense; or (2) that the court is without jurisdiction of the offense charged. The court shall specify of record the grounds upon which the order is entered.

Rule 29.13(a). Rule 29.07(d) allows the court, after sentence, to set aside a judgment of conviction and permit the defendant to withdraw a guilty plea to correct manifest injustice. Here, the circuit court did not set aside the April 1, 2022 judgment pursuant to Rule 29.13(a) or Rule 29.07(d).

shall be granted and enforced regardless of the desires of a defendant….The rights of the victims granted in this section are absolute and the policy of this state is that the victim's rights are paramount to the defendant's rights.

Section 559.105, RSMo Cum. Supp. 2021, governs restitution in criminal cases.[3] Specifically, sections 559.105.1 and .4 allow the circuit court to order restitution as part of a sentence. However, nothing in the Missouri Constitution or statutes provides for such action after sentence is imposed and a criminal judgment is final.[4] To allow a circuit court to order restitution in a criminal case at any time after the judgment becomes final "would result in a chaos of review unlimited in time, scope, and expense." *Van Amburg*, 533 S.W.3d at 230 (internal quotes and citation omitted).

The recent Eastern District case, *Bosworth v. State*, 559 S.W.3d 5 (Mo. App. E.D. 2018), is directly on point. In *Bosworth*, the defendant entered open pleas of guilty in two cases to three

---

[3] Section 559.105 provides:

1. Any person who has been found guilty of or has pled guilty to an offense may be ordered by the court to make restitution to the victim for the victim's losses due to such offense. Restitution pursuant to this section shall include, but not be limited to a victim's reasonable expenses to participate in the prosecution of the crime.

2. No person ordered by the court to pay restitution pursuant to this section shall be released from probation until such restitution is complete. If full restitution is not made within the original term of probation, the court shall order the maximum term of probation allowed for such offense.

3. Any person eligible to be released on parole shall be required, as a condition of parole, to make restitution pursuant to this section. The parole board shall not release any person from any term of parole for such offense until the person has completed such restitution, or until the maximum term of parole for such offense has been served.

4. The court may set an amount of restitution to be paid by the defendant. Said amount may be taken from the inmate's account at the department of corrections while the defendant is incarcerated. Upon conditional release or parole, if any amount of such court-ordered restitution is unpaid, the payment of the unpaid balance may be collected as a condition of conditional release or parole by the prosecuting attorney or circuit attorney under section 559.100. The prosecuting attorney or circuit attorney may refer any failure to make such restitution as a condition of conditional release or parole to the parole board for enforcement.

[4] Neither party asserts that the prosecutor requested restitution at the sentencing hearing and the trial court pronounced its intention to order it. Such circumstance is not addressed in this opinion.

6

felony and one misdemeanor charge, the circuit court pronounced sentences, and the defendant was delivered to the DOC. *Id.* at 6-7. The next month, the State filed motions to add restitution in the cases, and the circuit court amended the sentences and judgments to order restitution on each count. *Id.* at 7. Thereafter, the defendant filed a Rule 24.035 motion for post-conviction relief challenging the sentences (in particular the restitution orders) in the cases, and following a hearing, the motion court denied the motion . *Id.* at 7-8. The Eastern District held that the motion court erred in upholding the restitution orders because the circuit court exhausted its jurisdiction when the original judgments and sentences were entered, and therefore the amended judgments and sentences were a nullity. *Id.* at 11. Respondent argues that *Bosworth* is distinguishable from this case because in that case, defense counsel was not given notice of the motions to add restitution, the hearing regarding restitution was treated as a re-sentencing instead of a separate hearing only on restitution, and defendant was not present for resentencing. These facts were, however, immaterial to the holding in *Bosworth*. As in *Bosworth*, the circuit court did not order restitution as part of Adams' original sentences and attempted to order it after it had exhausted its jurisdiction. Because the circuit court lacked jurisdiction to modify the sentences after they became final, its action on April 20, 2022, purporting to amend the judgment and sentences by ordering restitution was a nullity and void. *See Id.* at 11; *Van Amburg*, 533 S.W.3d at 230-32 (where circuit court adjudicated Rule 29.12(b) motion and amended stealing convictions and sentences based on *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), after judgments were final, such action was a nullity and void for lack of jurisdiction, and the preliminary writs of prohibition were made permanent). The only action the circuit court could take in this case was to exercise its inherent power to dismiss the State's April 20, 2022 motion to order restitution for lack of jurisdiction. *Van Amburg*, 533 S.W.3d at 230.

7

## Conclusion

This court's preliminary writ of prohibition is made permanent, and the circuit court is directed to vacate its order of restitution in the amount of $1,420 and notify the DOC of such.

_____
Thomas N. Chapman, Judge

All concur.