

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| K. PATRICK DOUGLAS,<br><br>        **Appellant,**<br><br>v.<br><br>OFFICE OF THE STATE COURTS<br>ADMINISTRATOR,<br><br>        **Respondent.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

            **WD78123**

            **OPINION FILED:**
            **September 1, 2015**

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Division II:** Thomas H. Newton, Presiding Judge, and
Victor C. Howard and Mark D. Pfeiffer, Judges

Mr. K. Patrick Douglas ("Douglas") appeals from the judgment of the Circuit Court of Cole County, Missouri ("trial court"), granting the Office of the State Courts Administrator's ("OSCA") motion for judgment on the pleadings. Because the notice of appeal to this Court was not timely filed, the appeal is dismissed.

## Factual and Procedural Background

Pursuant to Missouri's "Sunshine Law" and Court Operating Rule 2, Douglas made numerous requests to OSCA that he be provided a report of all civil and criminal case "data

elements." OSCA denied the request on the grounds that the information sought was not available in an existing document possessed by OSCA and, instead, Douglas's request would require OSCA to compile information and to prepare a new record or report.

On November 19, 2012, Douglas filed a petition against OSCA, alleging that OSCA violated the Sunshine Law by failing to provide the information he requested. Thereafter, OSCA moved for judgment on the pleadings pursuant to Rule 55.27(b), arguing that the pleadings demonstrated that the records requested by Douglas were not the "public records" of a "public governmental body" under sections 610.010(4) and (6) of the Sunshine Law. On October 8, 2014, the trial court granted OSCA's motion.

Douglas filed his notice of appeal on November 18, 2014.

### Jurisdiction

In every appeal, we are required to examine our jurisdiction *sua sponte*. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468 (Mo. banc 2011). "The timely filing of a notice of appeal is a jurisdictional requirement." *Relaxation, Inc. v. RIS, Inc.*, 452 S.W.3d 743, 751 (Mo. App. W.D. 2015) (internal quotation omitted). If the notice of appeal is untimely, we are without jurisdiction and must dismiss the appeal. *Id.*

If no timely authorized after-trial motion is filed, a judgment becomes final thirty days after it is entered by the trial court. Rule 81.05(a). Rule 81.04(a) provides that "[n]o . . . appeal shall be effective unless the notice of appeal shall be filed not later than 10 days after the judgment or order appealed from becomes final." *See also* § 512.050. A notice of appeal is deemed filed on the date the trial court clerk receives the notice of appeal with a docket fee. Rule 81.04(f).

The record on appeal in this case discloses that the trial court's judgment was filed October 8, 2014, and no post-judgment motions were filed. Therefore, the judgment became final on November 7, 2014. The notice of appeal was due by November 17, 2014, but was not filed until November 18, 2014.[1] Accordingly, we do not possess jurisdiction to consider this appeal.[2]

### Conclusion

Douglas's appeal is dismissed for lack of jurisdiction.

_____
Mark D. Pfeiffer, Judge

Thomas H. Newton, Presiding Judge, and
Victor C. Howard, Judge, concur.

---

[1] The circuit clerk's memorandum indicating receipt of the docket fee is dated November 18, 2014, and the notice is stamped as being electronically filed November 18, 2014, at 2:28 p.m.

[2] Although we do not have jurisdiction to reach the merits of Douglas's appeal, upon *ex gratia* review of the record, it appears that the trial court did not err in granting OSCA's motion for judgment on the pleadings. In *Jones v. Jackson County Circuit Court*, we held that the circuit court did not violate Sunshine Law requirements by denying a request to create a new, customized record from information contained in existing records. 162 S.W.3d 53, 60 (Mo. App. W.D. 2005); *see also* Court Operating Rule 2.07 ("There is no obligation for the courts to compile information from court records."). Here, the pleadings before the trial court reflected that the information Douglas sought from OSCA were not existing "public records," as that term is defined by section 610.010(6); instead, the information sought from OSCA would require the compilation (or "data dumps" of selected data from certain "data elements") of information from existing court records to prepare a new, customized record. Though Douglas claims that the "data dumps" are nothing more than existing "records," the modifications to the "data elements" by selecting certain "data dumps" from those "data elements" are, in effect, changing the existing "data element" to a new, customized "data element."