

# Missouri Court of Appeals
## Southern District
### Division Two

IN RE: The Marriage of )
)
JOSEPH HAROLD HILGENBERG, )
)
       Petitioner/Respondent, )
) No. SD34362
    vs. ) Filed: January 17, 2017
)
WENDY JOY HILGENBERG, )
)
       Respondent/Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Gregory Stremel, Associate Circuit Judge

**<u>APPEAL DISMISSED</u>**

Wendy Joy Hilgenberg ("Wife") appeals the trial court's "Judgment of Dissolution of Marriage," dated January 12, 2015, dissolving her marriage to Joseph Harold Hilgenberg ("Husband"). In two points on appeal, Wife alleges trial court error in awarding physical custody of the minor children to Husband, and the division of marital property. Finding no preserved issues before us, we dismiss Wife's appeal.

**Factual and Procedural History**

Husband and Wife were married on November 23, 2000. Two children were born of the marriage: SHH and PJH, who were ages 10 and 13 respectively at the time of trial. The parties separated on August 12, 2013. On the same day, Husband filed a petition for dissolution of marriage asserting it was in the best interest of the minor children that joint legal and physical custody be awarded to Husband and Wife, with Husband being designated as the "residential custodian for address and educational purposes." Husband also requested a division of the marital property, which included the marital home and five acres.

Trial was held on December 4, 2014 and December 19, 2014. On January 12, 2015, the trial court entered its "Judgment of Dissolution of Marriage." The trial court awarded to Husband marital property that included the marital home and five acres. The trial court ordered the minor children to be placed in the joint legal custody of Husband and Wife, and in the physical custody of Husband. The trial court also adopted Husband's proposed parenting plan.

On January 26, 2015, Wife filed a "Motion to Set Aside Decision, Amend, Reconsider, or Alternatively for New Trial" ("post-trial motion"). Wife asserted, in part, that the trial court failed to make specific findings as to the custody of the minor children, in accordance with sections 452.375.2, 452.375.4, and 452.375.6,[1] and erred in adopting Husband's parenting plan. Wife also asserted the trial court failed to make a "fair and equitable distribution of the marital property."

On March 2, 2015, a hearing was held on Wife's post-trial motion. After hearing argument, the trial court requested Wife's counsel prepare a proposed judgment for the trial court's review with a copy to Husband's attorney.

---

[1] All references to statutes are to RSMo 2000, unless otherwise indicated.

On April 23, 2015, Wife filed a "Motion for Extension of Time to Set Aside Decision, Amend, Reconsider, or Alternatively for New Trial" and a proposed order, to grant the trial court additional time in which to rule on Wife's post-trial motion.

On May 18, 2015, the trial court signed an Order granting an extension until May 26, 2015, in which to allow the trial court sufficient time to rule on Wife's post-trial motion. On May 20, 2015, the trial court filed an "Amended Judgment of Dissolution of Marriage."

Thereafter, Husband filed a "Motion to Set Aside Order Extending Time and Amended Judgment of Dissolution of Marriage" asserting: (1) that the trial court no longer had jurisdiction over the January 26, 2015 judgment due to its failure to rule on Wife's post-trial motion within 90 days, and the trial court lacked jurisdiction to enter the May 20, 2015 amended judgment.

On February 23, 2016,[2] after a hearing, the trial court entered its "Order and Judgment Setting Aside Order for Exten[s]ion of Time and Amended Judgment of Dissolution of Marriage" for lack of jurisdiction, and ordered the parties to comply with the terms of the January 12, 2015 Judgment of Dissolution of Marriage. Wife filed her Notice of Appeal on March 2, 2016.

In two points on appeal, Wife asserts the trial court erred in failing to make specific findings, required by section 452.375.6, when awarding the parties joint legal custody and awarding sole physical custody to Husband, and in making an inequitable distribution of the marital property, specifically in awarding the martial home and five acres to Husband.

Before we address the merits of Wife's contentions, we are required to *sua sponte* examine the timeliness of her notice of appeal. ***Douglas v. Office of the State Courts Administrator***, 470 S.W.3d 29, 30 (Mo.App. W.D. 2015).

---

[2] This Order was marked filed on March 21, 2016, by the clerk's office.

Rule 81.04(a)[3] requires that an appellant's notice of appeal be filed with the clerk of the trial court no later than 10 days after the judgment appealed becomes final. A notice of appeal is deemed filed on the date the trial court clerk receives the notice of appeal with a docket fee. Rule 81.04(f). Failure to timely file a notice of appeal renders the appeal ineffective. *Douglas*, 470 S.W.3d at 30.

The trial court entered its Judgment of Dissolution of Marriage on January 12, 2015. On January 26, 2015, Wife filed her motion to set aside the judgment or for new trial. The post-trial motion "raised alleged factual and legal errors in the judgment and, therefore, qualified as a motion for a new trial[,]" and an "authorized after-trial motion for purposes of Rule 81.05(a)." *Coffer v. Wasson-Hunt*, 281 S.W.3d 308, 311 (Mo. banc 2009). Because the motion was filed within 30 days of the trial court's judgment, under Rule 81.05(a)(2)(A), the filing of this post-trial motion extended the trial court's jurisdiction over the judgment to 90 days from January 26, 2015. The trial court made no ruling on the motion within 90 days, and the motion was overruled by operation of Rule 81.05(a)(2)(A) on April 26, 2015, rendering final the January 12, 2015 judgment.

Wife filed her notice of appeal on March 2, 2016, more than ten days after April 26, 2015. The filing was therefore untimely and ineffective as to the January 12, 2015 judgment. Rule 81.04(a).

The trial court lacked jurisdiction to enter the May 20, 2015 amended judgment, as its jurisdiction was terminated on April 26, 2015. However, under *In re Estate of Shaw*, 256 S.W.3d 72 (Mo. banc 2008), the fact that a court enters a judgment without jurisdiction does not preclude an appeal or deprive the appellate court of jurisdiction to consider the effect of the judgment and "to confine a trial court to its jurisdiction[.]" *Id.* at 77.

---

[3] All rule references are to Missouri Court Rules (2016).

Thus, for the purposes described in *Shaw*, an appeal could have been taken from the May 20, 2015 amended judgment even though the trial court entered the amended judgment without jurisdiction. However, Wife's notice of appeal as to the May 20, 2015 amended judgment is also untimely.

Husband filed a motion to set aside the amended judgment on May 26, 2015. There are no other filings in the record that constitute authorized post-trial motions to the May 20, 2015 amended judgment under Rule 81.05(a). The motion was not ruled upon by August 24, 2015, 90 days after the motion was filed, and the motion was therefore overruled pursuant to the operation of Rule 81.05(a)(2)(A). Also pursuant to Rule 81.05(a)(2)(A), the amended judgment, though entered without jurisdiction, would have been final on August 24, 2015. Wife's notice of appeal, filed March 21, 2016, was untimely and ineffective as to the amended judgment, even for *Shaw* purposes, inasmuch as it was filed more than ten days after the amended judgment became final. Rule 81.04(a).

The trial court entered an additional judgment on March 21, 2016—setting aside its previous order for extension of time and the May 20, 2015 amended judgment—after Wife filed her notice of appeal. For the same reasons as the May 20, 2015 amended judgment, the March 21, 2016 judgment was also entered without jurisdiction. Wife's notice of appeal makes reference to the trial court's ruling of February 23, 2016, which was formalized in the judgment of March 21, 2016. Wife's notice of appeal as to the March 21, 2016 judgment was therefore premature under Rule 81.05(b), which provides that premature "notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." For *Shaw* purposes, Wife's notice of appeal was effective as to the March 21, 2016 judgment.

5

The March 21, 2016 judgment is the only judgment subject to review in this appeal. However, Wife's points on appeal do not raise any issue regarding the March 21, 2016 judgment, so there is no claim of error preserved for this Court's review. For that reason, Wife's appeal is dismissed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. - CONCURS

NANCY STEFFEN RAHMEYER, J. - CONCURS