JEFFREY W. BATES, J.
In March 2015, Christopher Amsden (Movant) was charged by information with violating § 570.030 by stealing a front-end loader worth at least $25,000.[1] Movant pled guilty to that offense. In March 2016, he received a 10-year sentence. On August 23, *243 2016, our Supreme Court decided State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), which held that the plain language of § 570.030 did not allow the offense of stealing to be enhanced to a felony. Id . at 266-67.
Movant filed a timely pro se motion requesting post-conviction relief, and appointed counsel filed a timely amended motion.[2] The amended motion alleged that Movant's sentence exceeded the maximum allowed by law because his stealing conviction could only be a misdemeanor pursuant to Bazell .
On February 10, 2017, the motion court held a hearing on the amended motion. The court and the parties agreed that the sole issue before the court was whether Bazell applied retroactively. The court listened to arguments of counsel and took the case under advisement.
On July 13, 2017, the motion court entered an order, with supporting findings of fact and conclusions of law, granting Movant relief. The court concluded that, pursuant to the holding in Bazell , Movant's sentence exceeded the maximum allowed by law. That same day, the State filed a motion to reconsider. The motion argued that Bazell did not apply retroactively and that "all sentences previously imposed must be left undisturbed." On July 18, 2017, the State filed an additional motion to reconsider which apprised the motion court that "four appellate cases have been argued and submitted to the Supreme Court on the very issue of retroactive application of Bazell. " The State asked the court to stay its decision until the Supreme Court decided the issue. On July 25, 2017, the court held a hearing on the State's motions and made the following docket entry:
Movant appears by his attorney, Karl William Hinkebein. State appears by Stoddard County Prosecuting Attorney, Russell Oliver. Court takes up for hearing State's Motion to Reconsider the judgment of the Court entered on July 13, 2017. After hearing the argument of counsel and suggestions with regard to relevant caselaw, the Court took the State's motion under advisement. Though a "Motion to Reconsider" is not recognized by Missouri Rules, the State's Motion for reconsideration asked that the Judgment be vacated. The Court therefore disregards the State's denomination of its after-trial motion, and deems it to be a Rule 75.01 motion to vacate. The previous judgment of the Court shall not be final until the disposition of the State's motion. So Ordered. MMP
On October 5, 2017, our Supreme Court decided in State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500 (Mo. banc 2017), that "the Bazell holding only applies forward, except those cases pending on direct appeal." Id . at 503. On October 10, 2017, Movant's attorney filed a memorandum in support of the Rule 24.035 claim. The memorandum argued that Windeknecht only applied to habeas corpus petitions in which the Bazell claim had been procedurally defaulted. Based on that argument, Movant urged the motion court to "apply Rule 24.035 and impose a sentence authorized by law."
On October 20, 2017, the motion court entered an order denying relief to Movant based on Windeknecht , restating that "the Bazell holding only applies forward, except in those cases pending on direct appeal."
*244 On November 3, 2017, Movant's attorney filed a motion to enforce the order entered on July 13, 2017, and to set aside the order entered on October 20th. According to Movant, the motion court's docket entry on July 25th had "no practical effect" on the case, and the October 20th decision was entered too late to be effective. This appeal followed. Movant presents two points for decision.
Point 1
In Movant's first point, he contends the motion court lacked the authority to enter the October 20th order denying relief. The issue of the court's authority to enter that order presents a question of law, which we review de novo. Sterling v. Long , 524 S.W.3d 62, 64 (Mo. App. 2017) ; Ramirez v. Missouri Dep't of Soc. Servs., Children's Div. , 501 S.W.3d 473, 479 (Mo. App. 2016).
Movant's contention is based upon two premises. The first premise is that the motion court's July 25th ruling on the State's motion to reconsider had "no practical effect" on the case. The second premise is that the motion court lacked the authority as of October 20th to enter an order denying relief because more than 90 days had elapsed since the July 25th ruling. Movant's argument fails because both premises are incorrect.
Here, the motion court and the parties acknowledged at the February 2017 hearing that the decision on whether Bazell applied retroactively would control the ruling on Movant's amended motion. When the motion court initially granted relief on July 13, 2017, that issue had not been decided. The State immediately filed its first motion to reconsider, which explained why Bazell did not decide the issue of retroactivity. A few days later, the State filed a second motion to reconsider that apprised the motion court that the issue of retroactivity was then pending in four appellate cases before the Supreme Court of Missouri.
On July 25th, the motion court held a hearing at which attorneys for both parties appeared and were heard. In the docket entry made after that hearing, the motion court correctly noted that the civil rules do not recognize a motion to reconsider. See St. Louis Cty. v. Prestige Travel, Inc. , 344 S.W.3d 708, 712 (Mo. banc 2011). The inapt denomination of the State's motions, however, is not determinative.[3] In Mayes v. Saint Luke's Hosp. of Kansas City , 430 S.W.3d 260 (Mo. banc 2014), the plaintiffs' motion to reconsider asked the trial court to temporarily set aside or vacate an earlier dismissal order. Id . at 264 n.7. The incorrect denomination did not control:
While the parties refer to this motion as a motion for reconsideration, a motion for reconsideration is not recognized by the Missouri rules. The plaintiffs' motion seeks to invoke Rule 75.01, which authorizes a trial court to "vacate, reopen, amend, or modify its judgment." Plaintiffs prayed for the court to temporarily set aside or vacate its order of dismissal. Accordingly, this Court will refer to plaintiffs' motion as a motion to vacate.
Id . (citation omitted).
Rule 75.01 applies to a Rule 24.035 proceeding. See James v. State , 477 S.W.3d 190, 194 (Mo. App. 2015) ;
*245 Thomas v. State , 180 S.W.3d 50, 54 (Mo. App. 2005) ; Bell v. State , 164 S.W.3d 97, 97 (Mo. App. 2005). "Thus, under Rule 75.01, the trial court retains jurisdiction over a judgment on a motion for post-conviction relief for thirty days after entry of judgment." Wise v. State , 219 S.W.3d 270, 272 (Mo. App. 2007). The application of Rule 75.01 to post-conviction proceedings allows "review of the motion court's ruling before it becomes final." Hollingshead v. State , 324 S.W.3d 779, 784 (Mo. App. 2010).
In relevant part, Rule 75.01 states that: "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Id .[4] "Under Rule 75.01, a circuit court may - for any reason supported by 'good cause' - amend or modify its previously entered judgment, regardless of whether a party requested such modification or amendment." State ex rel. Hawley v. Pilot Travel Centers, LLC , 558 S.W.3d 22, 27 (Mo. banc 2018) (emphasis in original).
Here, the thrust of the State's motions was that: (1) the motion court's July 13th ruling was premature; and (2) that ruling should be set aside and the case taken back under submission until the issue of retroactivity was resolved. The motion court correctly treated each motion as a Rule 75.01 motion to vacate. See Mayes , 430 S.W.3d at 264 n.7. Both motions were filed within 30 days after the July 13th ruling, so they were timely. See Rule 75.01. The motions met the standard for good cause by pointing out that the outcome-determinative issue of Bazell's retroactivity had not yet been decided. All parties were given notice and an opportunity to be heard on the motions. The ruling was made within the 30-day time period during which the motion court retained control over the July 13th order. Thus, all of the requirements in Rule 75.01 to grant relief were satisfied.
Movant argues that the motion court's docket entry of July 25th had no practical effect on the case. We disagree. Our review of the entry convinces us that the motion court granted the State's motions and took the case back under advisement until the retroactivity issue was decided. See Nix v. Nix , 930 S.W.2d 533, 536 (Mo. App. 1996) (trial court order granting a stay of its earlier decree was actually a Rule 75.01 order vacating the judgment).
Moreover, it appears to us that the parties understood the effect of the motion court's ruling. There was no further activity in the case until after Windeknecht was decided on October 5th. See Windeknecht , 530 S.W.3d 500. Five days later, Movant's counsel filed a memorandum addressing the Windeknecht decision. Nowhere in that memorandum was the July 13th decision mentioned. Instead, Movant's counsel asked the motion court "to find that Movant is entitled to Supreme Court Rule 24.035 relief pursuant to State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016)." In the memorandum, counsel argued that Windeknecht only applied to habeas corpus cases in which the Bazell issue had been procedurally defaulted. At the conclusion of the memorandum, counsel again urged the motion court to "apply Rule 24.035 and impose a sentence authorized by law." Thus, it appears Movant's counsel was treating retroactivity as a live issue in a case still under submission to the motion *246 court. The motion court reviewed the memorandum the next day and issued its order denying relief on October 20th. The argument Movant is making on appeal was first presented to the motion court on November 3rd.
Because the motion court's ruling on July 25th vacated the July 13th order, the 90-day time period imposed by Rule 81.05 ceased to exist. State ex rel. Hawley v. Pilot Travel , 558 S.W.3d at 29. Therefore, the motion court had the authority to enter its one and only final determination of Movant's Rule 24.035 motion on October 20, 2017. Point 1 is denied.
Point 2
In Movant's second point, he contends the motion court erred by denying relief because Bazell should be applied retroactively to authorize sentence-reduction relief pursuant to a timely filed Rule 24.035 post-conviction motion. Appellate review of an order denying a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); Soto v. State , 226 S.W.3d 164, 166 (Mo. banc 2007). The clearly erroneous standard is satisfied only if, after a review of the entire record, this Court is left with a definite and firm impression that a mistake was made. Soto , 226 S.W.3d at 166.
For the reasons stated in Harris v. State , 562 S.W.3d 363, 365-66, 2018 WL 5276460, at *2 (Mo. App. Oct. 24, 2018), Bazell did not apply retroactively in this post-conviction case. Therefore, the motion court's denial of relief was not clearly erroneous. Point 2 lacks merit and is denied.
The motion court's order denying Movant's amended Rule 24.035 motion is affirmed.
DANIEL E. SCOTT, J. - CONCUR
MARY W. SHEFFIELD, J. - CONCUR

All statutory references are to RSMo Noncum. Supp. (2014). All rule references are to Missouri Court Rules (2017).

This Court has independently verified the timeliness of Movant's post-conviction motions. See Moore v. State , 458 S.W.3d 822, 825-26 (Mo. banc 2015) ; Dorris v. State , 360 S.W.3d 260, 268 (Mo. banc 2012).

A court is required to "treat motions based upon the allegations contained in the motion regardless of the motion's style or form." Payne v. Markeson , 414 S.W.3d 530, 538 (Mo. App. 2013). Therefore, we do not look to the nomenclature used by the parties, but instead to the actual relief requested. See Latham v. State , 554 S.W.3d 397, 405-06 (Mo. banc 2018).

"An order sustaining or overruling a motion filed under the provisions of this Rule 24.035 shall be deemed a final judgment for purposes of appeal by the movant or the state." Rule 24.035(k).