

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| LEESA WISEMAN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD86412 |
| V. | ) | |
| | ) | OPINION FILED: |
| MISSOURI DEPARTMENT | ) | MARCH 25, 2025 |
| OF CORRECTIONS, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jennifer Marie Phillips, Judge

Before Special Division: Cynthia L. Martin, Presiding Judge, Gary D. Witt, Judge and
Zel Fischer, Special Judge

The Missouri Department of Corrections ("Department") appeals a judgment of

the Circuit Court of Jackson County, Missouri ("trial court"), following a jury trial, in

which a verdict was rendered in favor of Leesa Wiseman ("Wiseman"), on claims of

retaliation and hostile work environment brought under the Missouri Human Rights Act

("MHRA"), section 213.010, *et seq.*[1]  The Department raises four points on appeal, each

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as updated by
supplement through 2018.

challenging the admission or exclusion of exhibits or testimony at trial. The Department's notice of appeal was untimely. We dismiss the appeal and exercise our authority pursuant to Rule 84.14 to give such judgment as the court ought to give. We further remand for an award of attorney fees for this appeal.

**Procedural Background**

On October 23, 2018, Wiseman filed a petition for damages against the Department and subsequently filed an amended petition. Wiseman's petition asserted the following claims under the MHRA in relation to Wiseman's former employment with the Department: Count I, race discrimination and hostile work environment; Count II, sex discrimination and hostile work environment; Count III, disability discrimination and hostile work environment; Count IV, retaliation; Count V, wrongful termination and constructive discharge based on race; Count VI, wrongful termination and constructive discharge based on sex; Count VII, wrongful termination and constructive discharge based on disability; and, Count VIII, wrongful termination and constructive discharge based on retaliation. Wiseman's petition prayed for damages and included a request for reasonable attorneys' fees as authorized by the MHRA.

A nine-day jury trial began on July 12, 2022. At the close of Wiseman's evidence, the Department moved for a directed verdict. The trial court took the request as to Count VII, wrongful termination and constructive discharge based on disability, under advisement, but denied the motion as to all other claims. The Department again moved for a directed verdict at the close of all evidence, which the trial court granted as to Count VII but denied as to all other counts. The jury rendered a verdict in favor of Wiseman on

2

her claims of retaliation and hostile work environment and awarded her compensatory damages, punitive damages, back pay, past economic losses excluding back pay, future economic losses, and non-economic losses. Judgment was entered on July 26, 2022, awarding Wiseman damages in accordance with the jury's verdict; however the judgment was silent as to Wiseman's request for attorneys' fees. The July 26, 2022 judgment stated that "the Court shall retain jurisdiction to determine such further damages as may be allowed by law."

On August 25, 2022, the Department filed its Motion for New Trial, or in the Alternative, for Remittitur, or in the Alternative, for Judgment Notwithstanding the Verdict. On September 9, 2022, Wiseman filed a "MOTION TO AMEND JUDGMENT TO INCLUDE AN AWARD OF ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST."[2] The trial court granted an extension of time permitting the Department to reply in support of its motion and respond to Wiseman's motion for attorneys' fees by December 9, 2022.

On April 21, 2023, the trial court entered an amended judgment denying in part the Department's motion for new trial or a judgment notwithstanding the verdict, and granting in part its motion for remittitur. On the same day, the trial court entered a separate judgment granting Wiseman's motion for attorneys' fees. The trial court *sua sponte* amended its April 21, 2023 amended judgment, which had been entered in

---

[2] The Motion to Amend Judgment to Include an Award of Attorneys' Fees, Costs, and Post-Judgment Interest was filed more than thirty-days after the entry of the July 26, 2022 judgment.

response to the Department's after-trial motion, by entering another amended judgment on May 3, 2023, in order to clarify part of its April 21, 2023 amended judgment relating to remittitur. The Department then renewed its motion for new trial or a judgment notwithstanding the verdict on June 2, 2023. The trial court denied the Department's renewed post-trial motion on July 6, 2023. On July 14, 2023, the Department filed its notice of appeal.[3]

**Motion to Dismiss Appeal**

Wiseman filed a motion to dismiss the Department's appeal on July 18, 2023, asserting that the Department's notice of appeal was untimely, such that this Court lacks jurisdiction. The motion to dismiss was taken with the case.

In her respondent's brief, Wiseman renewed her motion to dismiss the Department's appeal as untimely. We address the challenge to appellate jurisdiction raised in Wiseman's respondent's brief, and deny Wiseman's July 18, 2023 motion to dismiss as moot.

According to Wiseman, the original judgment entered on July 26, 2022, was final as it resolved all issues and claims required to be resolved at that time for purposes of a

---

[3] With the Department's notice of appeal, it attached copies of the: July 26, 2022 judgment; April 21, 2023 judgment awarding attorneys' fees; May 3, 2023 amended judgment; and July 6, 2023 order. On appeal, the Department does not raise any issue with the trial court's judgment awarding Wiseman's attorneys' fees. For the reasons explained, *infra*, even had the Department raised issues in this appeal with the April 21, 2023 judgment awarding attorneys' fees, the July 14, 2023 notice of appeal would have been untimely as to that judgment, which was necessarily entered in an independent action pursuant to Rule 74.16(a), and which became final for purposes of appeal at the time prescribed by Rule 81.05. No appeal has been filed from the April 21, 2023 judgment entered in the independent action awarding attorneys' fees pursuant to Rule 74.16.

4

final judgment.  As such, Wiseman argues that the July 26, 2022 judgment became final for purposes of appeal on November 23, 2022, because the trial court failed to rule on the Department's timely after-trial motion for new trial, remittitur, and/or for judgment notwithstanding the verdict within ninety days of the August 25, 2022 filing of said post-trial motion.  Rule 81.05(a)(2)(A).[4]  According to Wiseman, the Department was thus required to file its notice of appeal by December 5, 2022,[5] and it failed to do so.  Rule 81.04(a).  The Department opposes the motion to dismiss and asserts the trial court's amended May 3, 2023 judgment was properly entered and became final on July 6, 2023, when the Department's renewed after-trial motion was denied, so that its notice of appeal was timely filed within ten days thereafter on July 14, 2023.

For the reasons set forth below, we agree with Wiseman and find the trial court's July 26, 2022 judgment was a final judgment that became final for purposes of appeal on November 23, 2022.  As a result, we necessarily conclude that the Department's July 14, 2023 notice of appeal was not timely filed, requiring dismissal of the Department's appeal.

**Applicability of Rule 74.16**

The trial court's July 26, 2022 judgment did not address Wiseman's request for attorneys' fees, even though a claim for attorneys' fees was asserted in Wiseman's

---

[4] All rule references are to the Missouri Supreme Court Rules (2024).
[5] Wiseman claims the Department was required to file its notice of appeal by Saturday, December 3, 2022.  Under Rule 44.01(a), when the last day of a time period falls on a weekend, the period is to run until the next day which is neither a weekend nor legal holiday.  Thus, according to Wiseman's calculation, the Department would have been required to file its notice of appeal by Monday, December 5, 2022.

petition. Our courts have long held that "an unresolved claim for attorney's fees can arrest the finality of a judgment. [] If a request for attorney's fees is properly pleaded and pursued at or after trial, the trial court must resolve or dispose of the issue before a judgment can be deemed final." *Jefferson City Med. Grp., P.C. v. Brummett*, 665 S.W.3d 380, 384 (Mo. App. W.D. 2023) (internal citation and quotation omitted). The Department asserts Wiseman's timing calculation as to the finality of the judgment is inaccurate because the July 26, 2022 judgment did not resolve the issue of attorneys' fees and was, therefore, not final. Whether the trial court's July 26, 2022 judgment was final is impacted by the applicability of Rule 74.16.

Rule 74.16, which became effective July 1, 2022, provides:

**(a) Claim to be made by motion.** A claim for attorney fees and related nontaxable expenses must be made by motion filed under this Rule 74.16, unless the substantive law requires those fees to be proved at trial as an element of damages.

**(b) Motions and proceedings thereon.**

(1) *Time for filing.* A motion seeking attorney fees under this Rule 74.16 must be filed no later than 30 days after the entry of judgment on the underlying claim.

(2) *Contents of the motion.* The motion must specify the statute, rule, or other ground entitling the movant to the award and state the amount sought.

(3) *Nature of the motion.* Except for purposes of Rule 51.05(a), a motion filed under this Rule 74.16 is an independent action and not an authorized after-trial motion subject to Rules 78.04, 78.06, or 81.05.

(emphasis original).

Pursuant to this Rule, a motion for attorney's fees is an *independent action*, and an unresolved claim for attorney's fees no longer arrests the finality of a judgment on the

6

merits, even where the claim is pled in a petition.[6]  Wiseman argues that Rule 74.16, which became effective on July 1, 2022, prior to the entry of the July 26, 2022 judgment, was controlling in this case.  As a result, the unresolved attorneys' fees claim did not render the July 26, 2022 judgment interlocutory.  Instead, according to Wiseman, any request for an award of attorneys' fees had to be filed by motion as an independent action.  Conversely, the Department argues that Rule 74.16 is inapplicable, so that no final judgment was entered in this case until, at the earliest, April 21, 2023, when Wiseman's motion for attorneys' fees was resolved.  *See Heifetz v. Apex Clayton, Inc.*, 554 S.W.3d 389, 394 (Mo. banc 2018).

Rule 74.16 became effective July 1, 2022, *before*:  the trial began (July 12, 2022); the trial court's judgment was entered (July 26, 2022); Wiseman filed her motion for attorneys' fees (September 9, 2022); and the Department filed its notice of appeal (July 14, 2023).  *Compare Jefferson City Med. Grp., P.C.*, 665 S.W.3d at 388 (noting Rule 74.16 was not applicable because it was not in effect:  when the trial court's judgment was entered; when the party's motion for attorney's fees was filed; or when the notice of appeal was filed).  The Department, however, asserts Rule 74.16 is inapplicable because Wiseman already requested attorneys' fees in her petition, and the new Rule is a substantive change altering "what constitutes a facially valid claim and would eliminate

---

[6] Rule 74.16 by its terms does not apply in circumstances where "the substantive law requires [attorney's fees] to be proved at trial as an element of damages."  In those circumstances, a trial court's failure to resolve or dispose of attorney's fees may arrest the finality of the judgment.  The Department does not argue that this exception applies to attorney's fees awarded under the MHRA, and we find that it does not.  The MHRA does not require attorney's fees to be proved at trial as an element of damages.

7

claims previously pleaded . . . ."  The Department further describes Rule 74.16 to be "a radical departure in a how a party claims [attorney's fees]."

Article V, section 5 of the Missouri Constitution grants the Missouri Supreme Court the authority to establish procedural rules and provides that such rules "shall have the force and effect of law".  *State ex rel. Union Elec. Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo. banc 1995).  Generally, a procedural rule applies to all pending proceedings whether commenced before or after the adoption of the rule.  *State v. Casaretto*, 818 S.W.2d 313, 316 (Mo. App. E.D. 1991).  We find Rule 74.16 to be procedural and thus applicable to Wiseman's case which was a pending proceeding at the time the Rule took effect.

Rule 74.16 did not change the substantive law regarding an award of attorney's fees.  "Missouri courts follow the American Rule, which provides that, in the absence of statutory authorization or contractual agreement, with few exceptions, parties bear the expense of their own attorney fees."  *Wilson v. City of Kansas City*, 598 S.W.3d 888, 896 (Mo. banc 2020).  Attorney's fees are considered special damages, and prior to the adoption of Rule 74.16, these damages were required to be "specifically stated" in the petition.  *See* Rule 55.19; *Square Up Builders, LLC v. Crystal Window & Door Sys., Ltd.*, 658 S.W.3d 218, 221 (Mo. App. E.D. 2022).  To properly plead attorney's fees, parties were required to do more than state a bare request for attorney's fees and costs.  *Union Manor v. Mo. Dep't of Health & Senior Servs.*, 596 S.W.3d 673, 677 n.2 (Mo. App. W.D. 2020).  Specifically, parties were required to address the statutory, factual, or any other authority that supported their claim for attorney's fees.  *Id.*; *see also Platte Cnty. v. UMB*

8

*Bank, N.A., Tr. of Transp., Refunding & Improvement Bonds (Zona Rosa Retail Project) Series, 2007*, 611 S.W.3d 819, 826 n.6 (Mo. App. W.D. 2020) (noting parties did not properly plead a request for attorneys' fees where each party stated a bare request for the fees without citing any authority to support such an award). Following the adoption of Rule 74.16, to make a claim for attorney's fees a party "must specify the statute, rule, or other ground entitling the movant to the award and state the amount sought." Rule 74.16(b)(2). This is the same as the previous requirement for a party to specifically state and plead a claim for attorney's fees. The only difference is the *procedure* used to bring such a claim. Now, the claim must be made by a motion pursuant to Rule 74.16 following the "entry of judgment on the underlying claim." Rule 74.16(b)(1).

In the underlying case, an award of attorney's fees was statutorily authorized by section 213.111.2. *See Wilson*, 598 S.W.3d at 896. The enactment of Rule 74.16 did not change this. While a party's after trial request for attorney's fees pursuant to MHRA was previously treated as a motion to amend the judgment, it is now specifically designated by the Rule as an **independent action**. *See Ferguson v. Curators of Lincoln Univ.*, 498 S.W.3d 481, 495 (Mo. App. W.D. 2016); *see* Rule 74.16(b)(3). Contrary to the Department's assertion, the applicability of Rule 74.16 in this case neither invalidates any previous actions by the parties nor eliminates claims previously actionable under Missouri Law. *Contra State ex rel. D&D Distribs., LLC v. Mo. Comm'n on Hum. Rts.*, 579 S.W.3d 318, 325 (Mo. App. W.D. 2019) (holding MHRA amendments were not applicable because they invalidated a right-to-sue letter which had already been issued and the amendments were not yet effective)*; see also Bram v. AT&T Mobility Servs.,*

9

*LLC*, 564 S.W.3d 787, 795 (Mo. App. W.D. 2018) (holding MHRA amendment was not applicable as it became effective after the occurrence of the underlying claims and the amendment was substantive as it eliminated some causes of action that were previously actionable under the law). Despite Wiseman's request for attorneys' fees in her petition, that request could not be determined by the trial court until a Rule 74.16 motion was filed initiating an independent action for that purpose.

On September 9, 2022, Wiseman filed a "MOTION TO AMEND JUDGMENT TO INCLUDE AN AWARD OF ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST." Wiseman contends that her motion, despite its erroneous designation, was necessarily a motion for attorneys' fees under Rule 74.16.[7]

Under Missouri law, trial courts are required to "treat motions based upon the allegations contained in the motion[,] regardless of the motion's style or form." *Amsden v. State*, 567 S.W.3d 241, 244 n.3 (Mo. App. S.D. 2018). Rather than look at the nomenclature used by the parties, trial courts are to look to the actual relief requested. *Id.* (citing *Latham v. State*, 554 S.W.3d 397 405-06 (Mo. banc 2018)). Wiseman's motion stated she was entitled to reasonable attorneys' fees, costs, and expenses, pursuant to

---

[7]Rule 74.16(a) provides that "[a] claim for attorney fees and related nontaxable expenses must be made by motion filed under this Rule 74.16 . . . ." Rule 74.16(b)(1) provides that "[a] motion seeking attorney fees under this Rule 74.16 must be filed no later than 30 days after the entry of judgment on the underlying claim." Wiseman's Motion to Amend Judgment to Award Attorneys' Fees, which we agree must be treated as a motion under Rule 74.16, was filed more than thirty days after the entry of judgment on the underlying claim. However, no challenge to the Rule 74.16 motion has been raised by the Department on that basis, and in any event, as previously noted, the April 21, 2023 judgment awarding attorneys' fees was necessarily entered in an independent action. We therefore express no opinion about the effect of Wiseman's untimely filing of a Rule 74.16 motion on the force and effect of the April 21, 2023 judgment awarding attorneys' fees as that issue is beyond the scope of this appeal.

10

section 213.111.2, because the jury rendered a verdict in her favor on the underlying claims. Rule 74.16(b)(2) ("The motion must specify the statute, rule, or other ground entitling the movant to the award and state the amount sought."). Wiseman's motion further stated the specific amounts sought and explained how she arrived at each amount requested. Based on the substance of Wiseman's motion it was not a motion to amend the judgment but rather a motion under Rule 74.16. Whether intended or not the trial court treated the request for attorneys' fees as a Rule 74.16 motion as it did not amend the July 26, 2022 judgment to include an award for attorneys' fees and costs, but instead entered a separate judgment awarding attorneys' fees and costs, consistent with treating the request for attorneys' fees as an independent proceeding.

Because Rule 74.16 is procedural and was effective prior to trial and the entry of judgment, we find it is applicable to this matter.

**Timing of Appeal**

Because, pursuant to Rule 74.16, Wiseman's claim for an award of attorneys' fees did not suspend the finality of the July 26, 2022 judgment, that judgment was a final judgment as it was: in writing, signed by the judge, and resolved all of the underlying claims that the trial court had the authority to determine at that time. After the trial court's entry of the July 26, 2022 judgment, the Department timely filed an authorized post-trial motion on August 25, 2022. Under Rule 81.05(a)(2), where a timely authorized post-trial motion is made, the trial court's jurisdiction extends to the earlier of either: ninety days from when the last timely motion was filed; or, if all motions have been ruled, the date of ruling of the last motion. The trial court did not rule on the

11

Department's August 25, 2022 post-trial motion until April 21, 2023, 162 days after the Department's motion was filed. Pursuant to Rule 81.05(a)(2), the motion was denied by operation of law and the trial court's judgment became final on Wednesday, November 23, 2022, ninety days after the Department filed its motion. Though the Department sought, and the trial court granted, an extension for the Department to file a reply to Wiseman's suggestions in opposition to the Department's post-trial motion by December 9, 2022, the trial court had no authority to grant an extension beyond the ninety-day jurisdictional period prescribed by Rule 81.05(a)(2).[8] *See Highland Gardens Nursery, Inc. v. North Am. Developers, Inc.*, 494 S.W.2d 321, 322-24 (Mo. 1973) (holding that the trial court did not have the authority to extend beyond the ninety day time period a motion for new trial could be ruled on); *In re Marriage of Hilgenberg v. Hilgenberg*, 507 S.W.3d 672, 674-75 (Mo. App. S.D. 2017) (holding that judgment became final for purposes of appeal ninety days after timely filed post-trial motion was not ruled on even though trial court had entered an order extending its time to rule on the post-trial motion).

---

[8] It is plain from our review of the records that when the Department sought an extension of time, it believed the trial court had the authority to grant the extension because the July 26, 2022 judgment included language to the effect that "the Court shall retain jurisdiction to determine such further damages as may be allowed by law." However, there is "no lawful method which . . . authorize[s] the trial court to 'hold in abeyance' [a] judgment which [has] become final." *Lacher v. Lacher*, 785 S.W.2d 78, 80 (Mo. banc 1990); *see also JWSTL, LLC v. Union Pac. R.R. Co.*, 686 S.W.3d 317, 323 (Mo. App. E.D. 2024); *State ex rel. Abdullah v. Roldan*, 207 S.W.3d 642, 646 (Mo. App. W.D. 2006). Though the trial court may not have contemplated the force and effect of Rule 74.16 when it entered the July 26, 2022 judgment, and though the parties may not have contemplated the effect of Rule 74.16 when they engaged in their post-trial pleading practice, the unassailable fact remains that Rule 74.16 was in effect at the time of trial and when the July 26, 2022 judgment was entered, and the import of that Rule was controlling on the finality of the July 26, 2022 judgment and thus on the trial court's jurisdiction to entertain and rule on the Department's post-trial motion.

In accordance with Rule 81.04(a), the Department was thus required to file its notice of appeal from the July 26, 2022 judgment by December 5, 2022, ten days after the judgment became final. The Department failed to do so as its notice of appeal was not filed until July 14, 2023. Therefore, we must dismiss this appeal as it is untimely. *See Spicer v. Donald N. Spicer Revocable Living Tr.*, 336 S.W.3d 466, 471-72 (Mo. banc 2011). Moreover, once the trial court's July 26, 2022 judgment became final on November 23, 2022, the trial court was divested of jurisdiction and lost its authority over the judgment on the underlying claims. *See Barbieri v. Barbieri*, 633 S.W.3d 419, 426 (Mo. App. E.D. 2021). The trial court's amended judgment entered on April 21, 2023, (which amended the July 26, 2022 judgment), the trial court's amended judgment entered on May 3, 2023, (which amended the April 21, 2023 amended judgment), the Department's renewed post-trial motion filed on June 2, 2023, addressing the May 3, 2023 amended judgment, and the trial court's July 6, 2023 order denying the Department's renewed post-trial motion, were all filed or entered after the trial court lost jurisdiction over the underlying case.

The Department's appeal, which raises challenges to the exclusion or admission of evidence at trial, and thus matters ripe for appeal by virtue of entry of the July 26, 2022 final judgment, must be dismissed as this Court is without jurisdiction to entertain the untimely filed appeal. This case is remanded with directions to the trial court to vacate the April 21, 2023 amended judgment, the May 3, 2023 amended judgment, and the July 6, 2023 order denying the Department's amended post-trial motion. *See generally In re Est. of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008) (holding a notice of appeal untimely

13

and remanding cause with directions to the circuit court to vacate invalid orders entered without authority).  The April 21, 2023 judgment awarding attorneys' fees was entered in an independent action pursuant to Rule 74.16, and is not within the scope of the Department's appeal.  Thus, this opinion has no effect on the April 23, 2023 judgment awarding attorneys' fees.[9]

## Attorneys' Fees on Appeal

Wiseman filed a motion with this Court requesting attorneys' fees on appeal, which has been taken with the case.  Section 213.111.2 authorizes a court to award "reasonable attorney fees to the prevailing party," which includes fees incurred on appeal from the trial court's judgment.  *Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 58 (Mo. App. W.D. 2016).  Rule 74.16 by its plain terms applies only to a post judgment motion for attorney fees before a circuit court and contains no provisions regarding an application for attorney fees on appeal in the independent action it contemplates.  This is consistent with its purpose to avoid confusion as to the finality of the judgment in the underlying action.  If the changes to Rule 74.16 were intended to change or modify the procedure for a request for attorney fees on appeal, such provisions would have been specifically included in the amended rule.  We therefore find that Wiseman's motion for attorney fees on appeal was properly brought in this court.

Wiseman is the prevailing party in securing dismissal of this appeal as she briefed and orally argued the jurisdictional and merits-based issues presented by DOC's appeal,

---

[9] As explained, *supra*, at footnote 7, we express no opinion as to the effect of the untimely filing of the Rule 74.16 motion for attorneys' fees, as that issue is not before us.

14

and we are thus dismissing the appeal on the jurisdiction grounds Wiseman raised.

Section 213.111.2 provides for an award of fees to the "prevailing party." Accordingly, we grant Wiseman's motion for attorneys' fees. *See Hays v. Dep't of Corrs.*, 690 S.W.3d 523, 529 (Mo. App. E.D. 2024) (awarding prevailing-party attorneys' fees when dismissing appeal for lack of jurisdiction); *Joemo Holdings, LLC v. Unique Creations Salon, LLC*, 657 S.W.3d 217, 221 n.2 (Mo. App. W.D. 2022) (awarding prevailing-party attorneys' fees when dismissing appeal for lack of jurisdiction).

"Although appellate courts have authority to allow and fix the amount of attorneys' fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Hays*, 690 S.W.3d at 529 (internal citation and quotation omitted). Therefore, on remand, we direct the trial court to determine and award Wiseman reasonable attorneys' fees on this appeal.

15

## Conclusion

For the above-stated reasons, we dismiss this appeal as it was untimely. Pursuant to our authority in Rule 84.14, the July 26, 2022 judgment is reinstated. Further, the April 21, 2023 amended judgment (amending the July 26, 2022 judgment), the May 3, 2023 amended judgment, and the July 6, 2023 order denying the Department's amended post-trial motion, are vacated. The validity of the April 21, 2023 judgment awarding attorneys' fees is not before this court. On remand the trial court shall determine and award Wiseman reasonable attorneys' fees for this appeal.

_____
Gary D. Witt, Judge

All concur

16